**McPEEK, Appellant,**

v.

**LEETONIA ITALIAN–AMERICAN CLUB et al., Appellees.**

[Cite as *McPeek v. Leetonia Italian–Am. Club*, 174 Ohio App.3d 380, 2007-Ohio-7218.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 06 CO 72.

Decided Dec. 19, 2007.

James E. Lanzo, for appellant.

Davis & Young and Dan S. Burley, for appellees.

---

WAITE, Judge.

{¶ 1} Appellant, Joseph McPeek, brought a defamation suit against appellee Leetonia Italian American Club. The Columbiana County Court of Common Pleas granted summary judgment to the club, and appellant is now appealing that judgment. The record reveals that appellant provided no evidence to support most of the elements of defamation. Appellant also included an unrecognizable claim relating to the nonprofit status of appellee's organization, and the trial court correctly granted summary judgment to appellee on that count as well. The judgment of the trial court is affirmed.

{¶ 2} According to appellant's complaint, he was a member of the club in 2004. During that year, officers or members of the club accused him of malfeasance and violating club rules. He appeared at the club for a disciplinary hearing and was eventually suspended from the club for 60 days. Appellant claimed that information regarding his disciplinary proceedings had been communicated to third parties, which he believed was both libel and slander. Appellant filed a complaint in the Columbiana County Court of Common Pleas, which was dismissed (according to appellant) on August 11, 2006, and the case was refiled on September 7, 2006. Appellee filed a motion for summary judgment on October, 27, 2006. Appellant filed a response, but included insufficient evidence to support the three counts in his complaint. The trial court granted summary judgment to appellee on all three counts on December 6, 2006. This timely appeal followed on December 26, 2006.

## ASSIGNMENT OF ERROR NO. 1

{¶ 3} "The Trial Court erred in ruling in favor of the Appellee as to count 3 of appellant's complaint as count three was never addressed in the Appellee's motion for summary judgment."

{¶ 4} Appellant first argues that the trial court mistakenly granted summary judgment on count three of the complaint because appellee never requested summary judgment on that issue. Appellant contends that a trial court cannot grant summary judgment when no party has moved for summary judgment, citing our recent case, *Mid–Am. Fire & Cas. Co. v. Broughton*, 154 Ohio App.3d 728, 2003-Ohio-5305, 798 N.E.2d 1109, ¶ 23. Appellant's case citation is correct, but if he had read the very next sentence of the paragraph he cited, he would have seen that "a trial court can sua sponte dismiss an action when it is clear that the claimant cannot prevail." Id. Appellant's third count does not state a cause of action, and it could have been rightfully dismissed by the trial court at any time. The third count in the complaint asserts that the club accepted dues under the guise of being a nonprofit corporation, but appellant does not allege any cause of action arising from this allegation. It is also quite clear from the record and from appellant's own accusations that the club is a nonprofit corporation. Although the court could have dismissed count three because it did not describe a cognizable claim, the record indicates that appellee properly requested summary judgment as to count three, and pages 16 through 18 of its motion for summary judgment are devoted to issues contained in count three. The record does not support appellant's argument, and this assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

{¶ 5} "The Trial Court erred in granting summary judgment in favor of the Defendant–Appellee on the issues addressed in the Defenenat–Appellee's [sic] motion."

{¶ 6} Appellant contends that he provided sufficient evidence on the elements of his defamation claims to overcome a defense motion for summary judgment. Summary judgment is reviewed under a de novo standard of review. In accordance with Civ.R. 56, summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–

274." *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 7} If the moving party meets its initial burden of production, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 8} Appellant's complaint contained claims for both slander and libel, both of which are types of defamation. "Defamation is the unprivileged publication of a false and defamatory matter about another." *McCartney v. Oblates of St. Francis deSales* (1992), 80 Ohio App.3d 345, 353, 609 N.E.2d 216. A defamatory statement is one that tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame, or disgrace or affects him in his trade or business. Id.; *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 345–346, 94 S.Ct. 2997, 41 L.Ed.2d 789. A defamatory statement expressed in a writing, a picture, a sign, or an electronic broadcast is considered libel. Garner, Black's Law Dictionary (7th Ed.1999) 927. Slander, on the other hand, generally refers to spoken defamatory words. *Lawson v. AK Steel Corp.* (1997), 121 Ohio App.3d 251, 256, 699 N.E.2d 951. To prevail on a defamation claim, whether libel or slander, a plaintiff must prove the following elements: (1) a false statement, (2) about the plaintiff, (3) was published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff. *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 206, 687 N.E.2d 481; cf., *Celebrezze v. Dayton Newspapers, Inc.* (1988), 41 Ohio App.3d 343, 535 N.E.2d 755.

{¶ 9} Truth is an absolute defense against a claim of defamation. *Shifflet v. Thomson Newspapers (Ohio), Inc.* (1982), 69 Ohio St.2d 179, 183, 23 O.O.3d 205, 431 N.E.2d 1014; R.C. 2739.02.

{¶ 10} The Supreme Court of Ohio has held that there is a qualified-privilege defense to a claim of defamation in instances when the defamatory statement is fairly made during the course of one's own affairs and the statement is made regarding matters involving the speaker's own interests. *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 244, 72 O.O.2d 134, 331 N.E.2d 713. A fraternal or social organization generally retains a qualified privilege in a defamation action based on its duty to report internal problems or conflicts within the organization to its members. *Putka v. First Catholic Slovak Union* (1991), 75 Ohio App.3d 741, 752, 600 N.E.2d 797; *Creps v. Waltz* (1982), 5 Ohio App.3d 213, 214, 5 OBR 476, 450 N.E.2d 716. To defeat the qualified privilege, "there must be a showing that they were made with actual malice in order for the appellant to prevail. In

this regard there must be evidence adduced by the appellant beyond the mere allegations contained in the complaint." *Evely v. Carlon Co., Div. of Indian Head, Inc.* (1983), 4 Ohio St.3d 163, 165, 4 OBR 404, 447 N.E.2d 1290. "Actual malice," in this context, means "that the statement was made with knowledge that it was false or with reckless disregard of whether it was false." *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 114–115, 752 N.E.2d 962, citing *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 279–280, 84 S.Ct. 710, 11 L.Ed.2d 686.

{¶ 11} A plaintiff in a defamation suit may be classified as a private person, a public official, a public figure, or a limited-purpose public figure. *Talley v. WHIO TV–7* (1998), 131 Ohio App.3d 164, 169, 722 N.E.2d 103. A plaintiff's classification, which determines his burden of proof, is a question of law. *Kassouf v. Cleveland Magazine City Magazines, Inc.* (2001), 142 Ohio App.3d 413, 421, 755 N.E.2d 976. Appellant has not alleged that he is a public figure or public official, and therefore, he falls under the standard applicable for private persons. "[I]n private-figure defamation actions, where a prima facie showing of defamation is made by a plaintiff, the plaintiff must prove by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St.3d 176, 180, 512 N.E.2d 979.

{¶ 12} In the club's motion for summary judgment, it argued that appellant could not prove each of the elements of defamation and that the club retained a qualified privilege to publish information to its members about its own disciplinary proceedings. The club also claimed the absolute defense that the information in the notice of suspension was true.

{¶ 13} The club is correct that appellant has failed to establish a number of the elements of defamation and has failed to rebut the asserted defenses.

{¶ 14} One element of a defamation claim is publication to a third party. Appellant has failed to provide proof that any written statement was published to any third party. Appellant's own deposition, taken on June 23, 2006, establishes this point. Appellant stated in his deposition that he had no knowledge that anyone, other than himself, had seen or read the notice of suspension. On this basis alone, appellant's libel claim was properly dismissed by the trial court. Appellant also presented a slander claim, though, in which he alleged that the same accusations were told to various members of the club, culminating in a hearing at which the entire club was invited to attend. The remaining elements of defamation will be reviewed to determine whether the slander claim should survive summary judgment.

{¶ 15} A second element of defamation is that the statement is false. Appellee provided proof that the notice of suspension and the reasons for the

suspension were true, and contends that truth is an absolute defense to a defamation claim. The allegedly slanderous statement at issue is that appellant was suspended from the club because he violated club rules and that he engaged in unbecoming behavior while in the club or participating in club activities. There is nothing in the record disputing the accuracy of this statement. Appellant's deposition recounts that he had a hearing within the confines of the club to review the accusations, that he was given the opportunity to defend himself at the hearing and call upon others in his defense, and that he was subsequently suspended from the club. He also admitted in his deposition that one of the reasons for calling the hearing was that he provoked arguments with the club bartenders and accused them of wrongdoing, and he admitted this was true:

{¶ 16} "Q. Did you or did you not ever have problems with the bartenders?

{¶ 17} "A. It was my job to watch the bartenders, sure. I'm a trustee.

{¶ 18} "Q. Did you or did you not ever have problems with the bartenders?

{¶ 19} "A. What are you defining as a problem?

{¶ 20} "Q. Arguments, accusing them of misconduct, things of that nature?

{¶ 21} "A. Yes.

{¶ 22} " * * *

{¶ 23} "Q. So you never accused the bartenders of skimming or theft?

{¶ 24} "A. Yes, I did."

{¶ 25} Since it is clear that appellant fully acknowledges that he was suspended from the club, and agrees with the reason for the suspension, there does not appear to be any false statement at issue in this case.

{¶ 26} Third, the club contends that any communications that might have been made were made under a qualified privilege. As noted earlier, a social club normally has a qualified privilege for members to discuss club business, such as a disciplinary matter, with other club members. The club established that any statements made about the disciplinary action were communicated only to other club members. Appellant presented no evidence to dispute this. The club claims that its members had a qualified privilege to discuss information among themselves about a disciplinary matter. Appellant presented no evidence to dispute this. In order to overcome the prima facie showing of qualified privilege, appellant needed to prove actual malice, meaning he had to prove that the club had knowledge that the statements were false or recklessly disregarded whether the statements were false. *Wampler*, 93 Ohio St.3d 111, 752 N.E.2d 962. Appellant did not provide any material evidence to prove actual malice. He fully admits there was a hearing to determine the truth of the allegations, that he spoke at the hearing, and that he was permitted to call people to support his case.

Apparently only one member of the club spoke in his support at the hearing, and the result was not in his favor. Appellant clearly does not agree with the outcome of the hearing, but there is no indication of recklessness, or even negligence, in the process of imposing a sanction on him for disobeying club rules.

{¶ 27} There is no need to inquire into the issue of whether appellant will be able to prove any causal connection between the alleged defamation and his damages because there has been no proof of defamation. Appellant was required to provide some proof for each of the essential elements of his claim in order to survive the defense motion for summary judgment. Furthermore, defamation law requires private persons to prove their case by clear and convincing evidence, and thus, appellant needed to rebut appellee's motion with evidence that would qualify as clear and convincing evidence at trial. Appellant failed to provide any evidence at all that appellee had made false statements, that the statements were published to third parties without privilege, or that appellee committed any actions with the requisite degree of fault to constitute defamation. For these reasons, the trial court was correct in its decision to grant summary judgment to appellee, and this assignment of error is overruled.

{¶ 28} Neither of appellant's assignments of error have merit, and the judgment of trial court is affirmed.

Judgment affirmed.

VUKOVICH, J., and DEGENARO, P.J., concur.