[Cite as *Tipton v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1254.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON E. TIPTON

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

Case No. 2011-07338

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## MAGISTRATE DECISION

{¶1} Plaintiff filed this action alleging defamation. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} As an initial matter, on October 24, 2011, defendant filed a motion to quash the subpoena issued to Rodney McIntosh and a motion to quash subpoenas issued to inmates Green, Bedinger, and Reineke. Upon review, the motion to quash the subpoena issued to McIntosh is GRANTED pursuant to Civ.R. 45 inasmuch as the subpoena seeks production of documents that should have been requested in discovery. The motion to quash the subpoenas issued to the three inmates is DENIED.

{¶3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Warren Correctional Institution (WCI) pursuant to R.C. 5120.16. Plaintiff testified that on the evening of May 8, 2011, he was working in the WCI dining hall as a "runner" between the service line and the kitchen. According to plaintiff, the service line was running low on the evening's main entree, braised beef, and his task was to let the kitchen know that more was needed. Plaintiff testified that he made the kitchen aware of the issue three times but received no response. According to plaintiff,

the service line eventually ran out of braised beef, which caused an argument between himself and WCI Food Service Coordinator Miles "Moose" McDaniel. Plaintiff related that McDaniel accused him of not doing his job, to which plaintiff responded that he "knew how to do his job." Plaintiff stated that McDaniel retorted "the only thing you know how to do is suck dicks." Plaintiff alleges that McDaniel's false and defamatory statement was overheard by other inmates and staff. According to plaintiff, McDaniel's statement has caused other inmates to refer to him as "cum guzzler," "swipe cleaner," and "dick sucker"; and to proposition him for oral sex.

{¶4} To prevail on a defamation claim, a plaintiff must prove the following elements: "(1) a false statement, (2) about the plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff." *McPeek v. Leetonia Italian-Am. Club*, 174 Ohio App.3d 380, 2007-Ohio-7218, ¶8.

{¶5} McDaniel testified that he was familiar with plaintiff from working in the WCI kitchen and that he recalled plaintiff working on the service line on May 8, 2011. McDaniel stated that on the day in question, he spoke with plaintiff in the hallway between the serving line and the kitchen. However, McDaniel denied stating that plaintiff "sucks dicks" at that time, or at any other time. McDaniel further commented that he did not then, and does not now, bear any ill will toward plaintiff.

{¶6} McDaniel also testified that there was no one else in the hallway at the time of the encounter. While plaintiff testified that other inmates and staff overheard the argument between himself and McDaniel, he did not identify any of those individuals or call any of them to testify at trial.

{¶7} The court finds McDaniel to be more credible than plaintiff and finds that McDaniel never stated that plaintiff "sucks dicks." Additionally, even if McDaniel had made the statement, plaintiff failed to establish that the statement was "published" to a third party. Accordingly, judgment is recommended in favor of defendant.

{¶8} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*


_____
MATTHEW C. RAMBO
Magistrate


cc:


Amy S. Brown                              Jason E. Tipton, #A476-875
Ashley L. Oliker                          P.O. Box 120
Kristin S. Boggs                          Lebanon, Ohio 45036
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

MCR/dms
Filed January 13, 2012
To S.C. reporter March 23, 2012