[Cite as *Sears v. Kaiser*, 2012-Ohio-1777.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

| | | |
|---|---|---|
| THOMAS SEARS, et al. | : | |
| | : | Appellate Case No. 2011-CA-40 |
| Plaintiff-Appellants | : | |
| | : | Trial Court Case No. 09-CV-738 |
| v. | : | |
| | : | |
| DAVID KAISER, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2012.

. . . . . . . . . . .

FRANK M. PAYSON, Atty. Reg. #0055165, The Law Offices of Frank M. Payson, P.C., 120
West Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellants

T. ANDREW VOLLMAR, Atty. Reg. #0064033, Freund, Freeze & Arnold, One Dayton Centre, 1
South Main Street, Suite 1800, Dayton, Ohio 45402
        Attorney for Defendant-Appellees

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Thomas and Lizette Sears appeal from the trial court's entry of summary judgment
against them on their complaint against appellees David and Dorothy Kaiser alleging defamation
and other causes of action.

{¶ 2} Appellants advance three assignments of error on appeal. First, they contend the trial court erred by overruling their motion to strike materials submitted in support of the Kaisers' summary-judgment motion. Second, they claim the trial court erred by failing to address their defamation-per-se claim. Third, they assert that the trial court erred by entering summary judgment against them on another defamation claim.

{¶ 3} The present appeal stems from the Kaisers' vocal opposition to the "Hole in the Wall Farm," a non-profit animal rescue operated by Thomas and Lizette Sears from their Xenia Township home. According to Appellants, the project involves finding homes for abandoned animals, some of which are exotic. The record reflects that the Searses and the Kaisers are neighbors. Fearing that the animal rescue posed a health and safety hazard and was unlawful, the Kaisers spoke out against it and attempted to organize opposition. At issue are statements the Kaisers made to various people while opposing the project.

{¶ 4} In an amended complaint, Appellants alleged that the Kaisers published a number of false statements, including that the Searses "were running an illegal business," "were running a business in a residential neighborhood," "were keeping on their property adult exotic animals, i.e., lions, tigers, and bears," "caused fish kills in a creek adjoining the property due to manure runoff," "were dumping sewage out of a pipe onto the Bodwell property," "were creating a health hazard in the neighborhood," "were engaged in illegal activities," "were creating a health nuisance," "used a 1977 Chevrolet truck with fire emblems on it and this created a safety hazard in people not understanding that it was not a fire truck," and "were abusing their animals."

{¶ 5} Based on its review of the record, the trial court grouped the challenged comments into four categories: (1) communications to Xenia Township officials, (2) statements

at an Ohio House of Representatives hearing, (3) statements in connection with a petition to prevent the Searses from operating an animal crematory on their property, and (4) statements to assorted third parties, including neighbors and representatives of other organizations. The trial court summarized the foregoing communications and statements as follows:

> * * * [T]he communications and statements at issue in this case are all related to Defendants' concerns about Plaintiffs' animal rescue business, including whether exotic and possibly dangerous wild animals were being harbored and how Plaintiffs' operation might be negatively affecting the surrounding properties and the community at large. The Defendants were certainly quite active and vocal in their support for legislation at the state and local levels that would regulate such enterprises. Defendants, through primarily David Kaiser, expressed very specific concerns about Plaintiffs' animal rescue operation, and strong support for government regulation in [the] area of exotic animals and captive wildlife, to both state and local officials, as well as adjacent property owners.

(Doc. #102 at 11-12).

{¶ 6} With regard to the Searses' claims for defamation, the trial court recognized that "there may be legitimate questions concerning the constitutional protections for some of the Defendants' statements (i.e., expressions of opinion, political debate), and also the obvious issue of any statement's truth or falsity[.]" (*Id.* at 12). The trial court concluded, however, that resolution of those issues was unnecessary because the Kaisers' communications were protected by a qualified privileged. Finding no genuine issue of material fact as to whether the

qualified privilege had been overcome by evidence of actual malice on the part of the Kaisers, the trial court held that they were "entitled to summary judgment on Plaintiffs' claims of defamation." (*Id*. at 15). The trial court entered summary judgment against the Searses on their claims for intentional infliction of emotional distress, loss of consortium, and punitive damages. (*Id.* at 16-19). This appeal followed.

{¶ 7}    In their first assignment of error, the Searses contend the trial court erred by overruling their motion to strike materials submitted in support of the Kaisers' summary-judgment motion.

{¶ 8}    The materials at issue consist of affidavits, hearing transcripts, and newspaper articles. The Searses contend the hearing transcripts and newspaper articles do not constitute proper Civ.R. 56 evidence. They further argue that the transcripts and articles contain inadmissible hearsay. With regard to the affidavits, the Searses note that some of the affiants failed to specify that they were competent to testify or that their statements were based on personal knowledge. They also argue that portions of the affidavits contain hearsay, speculation, or vague averments. They additionally assert that a purported affidavit from a witness named Elizabeth Gardner fails to qualify as an affidavit at all. Finally, they challenge the admissibility of a U.S.D.A. "inspection report," arguing that the signer of the report, Robert Willems, could not properly certify it.

{¶ 9}    Having reviewed the record, we find the first assignment of error to be without merit. The materials at issue are attached to the Kaisers' summary judgment motion and are identified as Exhibits A, B, C, D, F, G, I, L, M, N, O, P, Q, and R. We have read these materials in their entirety. Without explicitly addressing them line by line, we find the Searses' arguments

to be unpersuasive largely for the reasons set forth in the Kaisers' appellate brief and memorandum in opposition to the motion to strike. (*See* Doc. #95).

{¶ 10} Civil Rule 56(C) requires affidavits to "show affirmatively that the affiant is competent to testify[.]" Although some of the affiants did not specify that they were competent, the content of the affidavits reasonably establishes that this requirement was met.[1] We reach the same conclusion with regard to the failure of some affiants to specify that their statements were based on first-hand knowledge. Regarding vagueness and speculation, we do not find the affidavits so deficient as to support a finding that the trial court abused its discretion in relying on them. With regard to hearsay, most of the challenged statements either do not qualify as hearsay or are subject to a hearsay exception. To the extent that any of the affidavits do contain hearsay, the trial court's admission of the hearsay would be at most harmless error. The Kaisers properly note that "[t]he affidavits attached to the Defendants' motion provided mostly background information. The affidavits and newspaper articles * * * did not form the basis for the [trial court's] conclusion that the Plaintiffs failed to establish malice." The determination that the Kaisers' communications were protected by qualified privilege and that the Searses failed to establish malice could be made without reference to the challenged materials.

{¶ 11} We agree with the Searses, however, that Exhibit I is a notarized statement from a witness named Elizabeth Gardner rather than a true affidavit. Nevertheless, the trial court's consideration of the document constituted harmless error. During his own deposition, David Kaiser referred to Gardner's notarized statement and cited her as a source of his belief

---

[1] We note, too, that under Evid.R. 601 competence is presumed for adults, with some exceptions not applicable here. *Turner v. Turner*, 67 Ohio St.3d 337, 343, 617 N.E.2d 1123 (1993).

that the Searses were operating their animal rescue without insurance. (*See*, *e.g.*, Kaiser depo. at 44, 52). Kaiser's testimony on this issue was relevant and proper because it explained the basis for allegedly defamatory remarks he made about the Searses lacking insurance.

{¶ 12} We reach the same conclusion with regard to the challenged U.S.D.A. inspection report. In his deposition, David Kaiser testified at length about the report and cited it as the basis for several of the statements he made about the Searses' animal rescue. (*See*, *e.g.*, Kaiser depo. at 54-55, 116, 166, 171-177, 26). Regardless of whether the report itself was properly authenticated, Kaiser's testimony about it was relevant and proper because it explained the basis for the allegedly defamatory remarks he made that were related to the report. The presence of the report itself in the record was of little significance.

{¶ 13} Finally, with regard to the newspaper articles, we note that they generally do not constitute proper summary-judgment evidence. *See*, *e.g.*, *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commissioners*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶30 ("Newspaper articles are self-authenticating, pursuant to Evid.R. 902(6); however, newspaper articles are generally inadmissible as evidence of the facts stated in them."). *Plavecski v. Cleveland Clinic Found.*, 192 Ohio App.3d 533, 539, 2010-Ohio-6016, 949 N.E.2d 1007, ¶10 (8th Dist). The trial court's admission of the articles here, however, constituted harmless error. The purpose of the articles was to demonstrate the existence of a public debate and controversy regarding individuals keeping exotic animals. The fact that such a debate existed is well established by other evidence, most notably David Kaiser's own deposition testimony. Inclusion of the newspaper articles in the summary-judgment record added nothing material. Having found no reversible error flowing

from the trial court's ruling on the Searses' motion to strike, we overrule their first assignment of error.

{¶ 14}  In their second assignment of error, Appellants claim the trial court erred by completely failing to address their defamation-per-se claim. This assignment of error relates to count two of the Searses' amended complaint, which alleged defamation per se based on the nature of some of the Kaisers' alleged comments.

{¶ 15}  The Searses assert that the trial court did not address the defamation-per-se claim, despite the fact that the parties discussed it in their summary-judgment briefs. They reason that the trial court necessarily abused its discretion, either by intentionally ignoring the defamation-per-se claim or by inadvertently missing it. The Searses further assert that establishing defamation per se would obviate the need for them to prove malice, thereby undermining the basis for the trial court's summary-judgment ruling.

{¶ 16}  Upon review, we find the Searses' argument to be without merit. Count one of the amended complaint set forth a defamation claim against the Kaisers. Count two alleged defamation per se. In its summary judgment ruling, the trial court recited the law governing defamation per quod and defamation per se. It also set forth the law governing qualified privilege. It then found that all of the Kaisers' alleged comments were protected by qualified privilege and that the record did not reveal a genuine issue of material fact on the issue of actual malice, which would overcome the privilege. As a result, the trial court found the Kaisers "entitled to summary judgment on Plaintiffs' *claims* of defamation." (Doc. #102 at 15) (Emphasis added). Because the trial court found the Kaisers entitled to summary judgment on the defamation "claims," we disagree with the Searses' assertion that the trial court ignored or

overlooked the claim for defamation per se.[2] The second assignment of error is overruled.

{¶ 17}   In their third assignment of error, Appellants assert that the trial court erred by entering summary judgment against them on their "defamation claim." Although the Searses refer to this "claim" in the singular, their argument addresses both their ordinary defamation claim and their claim of defamation per se.

{¶ 18}   The Searses advance multiple arguments under this assignment of error. They first contend the trial court erred in denying their motion to strike affidavits and other documents submitted in support of the Kaisers' summary-judgment motion. As a result, the Searses argue that the trial court based its ruling on materials it should not have considered. We disagree. We fully addressed the motion to strike under the first assignment of error, supra, and need not repeat that analysis here.

{¶ 19}   The Searses next contend the trial court incorrectly found all of the Kaisers' communications protected by qualified privilege. They argue that qualified privilege did not apply to the Kaisers' statements to Daniel Birtle and to Donald and Laura Linnell, who did not share a "common interest" with the Kaisers. The Searses also assert that some of the Kaisers' communications constituted defamation per se, thereby "superseding all qualified privilege" and eliminating the need for evidence of actual malice. We disagree.

{¶ 20}   "Whether or not a publication was privileged is a question of law to be decided by the court." (Citations omitted.) *Shepard v. Griffin Services, Inc.*, 2d Dist. Montgomery   No.

---

[2]Parenthetically, we also reject the Searses' apparent suggestion that qualified privilege cannot defeat a claim for defamation per se. "[E]ven statements which would otherwise constitute defamation per se are not actionable per se when the defendant has a qualified privilege." (Citations omitted.) *Shepard v. Griffin Services, Inc.*, 2d Dist. Montgomery App. No. 19032, 2002-Ohio-2283.

19032, 2002-Ohio-2283. "A qualified privilege is recognized in many cases where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it." *Hahn v. Kotten*, 43 Ohio St.2d 237, 244, 331 N.E.2d 713 (1975).

{¶ 21}  We are unpersuaded by the Searses' argument that Birtle and the Linnells did not share a "common interest" with the Kaisers. The record reflects that Birtle and the Linnells were neighbors of the Kaisers. On appeal, the Searses do not explain why Birtle and the Linnells would not share a common interest with their neighbors regarding the public health, safety, and legality of the animal-rescue operation. "Courts recognize that neighbors share a common interest in matters affecting their collective welfare and that statements made regarding such matters are protected by a qualified privilege." *Hoyt v. Spangenberg*, Minn. App. No. C9-97-1527, 1998 WL 74286, *3 (Feb. 24, 1998); *see also Hohl v. Mettler*, 62 N.J.Super. 62, 66-67, 162 A.2d 128 (1960) ("As to the other features of defendants' complained-of activity, the publication of the cartoon referred to, and the stirring up generally of opposition to the proposal on grounds of civic interest, depreciation of realty values and general considerations of health, taxation, etc., we think it patent no legal cause of action is made out by the plaintiffs. The acts complained of in that general category fall well within the qualified privilege of citizens to protect their property and serve the general common good.").

{¶ 22}  Finally, we reject the Searses' argument that establishing defamation per se precludes the availability of qualified privilege and eliminates the need for evidence of actual malice. *Shepard* at *10; *see also Hahn* at 248 ("'In the case of a privileged communication, however, express malice as distinguished from malice in law must be shown; that is to say, *if*

*the occasion be privileged, the plaintiff may not recover, although he proves that defendant used language actionable per se* and that the same was false*, unless he goes further and shows that in using same, defendant was moved by actual malice*[.]'") (Citation omitted and emphasis added). The third assignment of error is overruled.

**{¶ 23}** Having overruled each assignment of error, we affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH and FISCHER, JJ., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Frank M. Payson
T. Andrew Vollmar
Hon. Stephen Wolaver