[Cite as *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2020-Ohio-3821.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

GRANDE VOITURE D'OHIO LA
SOCIETE DES 40 HOMMES ET 8
CHEVAUX

  Plaintiff-Appellee

v.

MONTGOMERY COUNTY VOITURE
NO. 34 LA SOCIETE DES 40
HOMMES ET 8 CHEVAUX, et al.

  Defendants-Appellants

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 28388

Trial Court Case No. 2018-CV-1457

(Civil Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of July, 2020.

. . . . . . . . . . .

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

EDWARD J. DOWD, Atty. Reg. No. 0018681 and CHRISTOPHER T. HERMAN, Atty. Reg. No. 0076894, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
  Attorneys for Third-Party Appellee, Voiture Nationale La Societe des Quarante Hommes et Huit Chevaux

CHARLES A. CLAYPOOL, Atty. Reg. No. 0020855, 130 West Second Street, Suite 1900, Dayton, Ohio 45402
  Attorney for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, Montgomery County Voiture No. 34, La Societe des 40 Hommes et Huit Chevaux ("Voiture No. 34"), [1] and Defendant-appellant, Charles Simpson, appeal from three decisions entered by the trial court on April 28, 2019, in which the court granted summary judgment in favor of Plaintiff-appellee, Grande Voiture D'Ohio, La Societe des 40 Hommes et 8 Chevaux ("GVO"), and Third-party Defendant and Appellee, Voiture Nationale, La Societe des Quarante Hommes et Huit Chevaux ("Voiture Nationale"); collectively, the three decisions constitute the court's final judgment. Simpson contends that the court erred by entering summary judgment in favor of Appellees on the complaint because the evidence gave rise to genuine disputes of material fact, and because Appellees were not entitled to judgment as a matter of law. Simpson and Voiture No. 34 contend likewise that the court erred by entering summary judgment on their claims for defamation against Appellees. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} This summary is drawn largely from the trial court's recitation of the facts. Voiture Nationale was formed by the American Legion in 1920. Originally intended to be

---

[1] Voiture No. 34 was incorporated in 1929 as "Voiture Locale 34, La Societe des 40 Hommes et 8 Chevaux," and it was designated Entity No. 136677 by the Ohio Secretary of State. The name was changed to "Huber Heights Veterans Club, Inc." on July 5, 2019, and on July 12, 2019, Huber Heights Veterans Club, Inc. registered the fictitious name "Monatgomery [sic] County Voiture 34, La Societe des 40 Hommes et Huit Chevaux." Like the trial court's caption, the caption of this case does not accurately reflect the name as it is actually registered, although the caption does accurately reflect the omission of the accents aigu from the word "société." GVO and Voiture Nationale likewise omit the accents.

an elite membership group for leaders of the American Legion, Voiture Nationale derives its name from the railway boxcars, called "voitures" in French, that were used to transport American troops in France to the front lines during World War I. Each boxcar bore a sign reading "40 Hommes/8 Chevaux," meaning that it had a capacity of 40 men and 8 horses. The group consists of the national organization, state-level organizations and local-level organizations.

{¶ 3} Although it was formed by the American Legion, Voiture Nationale dissociated itself in 1960, and in 2008, membership in the American Legion ceased to be a prerequisite for membership in Voiture Nationale. GVO is the state-level organization for Ohio, and Voiture No. 34 is the local-level organization for Montgomery County.

{¶ 4} Voiture Nationale is governed by a constitution and by-laws. GVO has a constitution of its own and a set of financial guidelines that were approved by Voiture Nationale. Similarly, Voiture No. 34 has a charter and a constitution, which were also approved by the national organization; the charter states, among other things, that Voiture No. 34 "acknowledges irrevocable jurisdiction and declares itself to be in all things subject to the Constitution of La Societe des 40 Hommes et 8 Chevaux and of the Grande Voiture of [sic] Ohio and the rules, regulations, orders, and laws promulgated in pursuance thereof * * *." Stipulation of the Parties, Ex. A, Jan. 21, 2019. Voiture No. 34, however, denies that it is subject to the terms of the charter.

{¶ 5} The group's national constitution allows "but one form of membership * * *, namely, active membership," which is open only to "honorably discharged U.S. military personnel and active duty U.S. military" personnel, and it expressly prohibits any other form of membership. GVO's Motion for Summary Judgment on Defendants' Claims for

Defamation, Ex. 3, Dec. 4, 2018. Comparable provisions are included in the constitutions enacted by GVO and Voiture No. 34.

**{¶ 6}** Nevertheless, at some point between 1991 and 2017, Voiture No. 34 began issuing so-called "auxiliary memberships" that were open to the spouses, widows and children of members and veterans.[2] *See* Deposition of Charles Simpson 52:14-54:3, Dec. 28, 2018. In addition, Voiture No. 34 issued auxiliary membership cards stating that auxiliary members were members of Voiture Nationale, notwithstanding Voiture No. 34's non-payment of dues to GVO and Voiture Nationale.

**{¶ 7}** GVO afterward initiated internal disciplinary proceedings against Simpson and Voiture No. 34. GVO found Simpson guilty of all charges on or about October 21, 2017, and as a result, GVO permanently expelled Simpson from the group for life and demanded that he return any of the group's records in his possession for the purpose of an audit. *See* Deposition of Charles Simpson, Exs. B-D. As well, GVO instructed Voiture No. 34 to convene a special meeting of its membership. GVO communicated its decision to Simpson and Voiture No. 34.

**{¶ 8}** Voiture No. 34 then prohibited GVO officials from entering onto its real property, indicating that it would charge anybody who violated the prohibition with criminal trespass. *See* GVO's Motion for Summary Judgment on Defendants' Claims for Defamation, Ex. 5. A member of Voiture No. 34, however, filed a criminal trespass complaint against Simpson with the Huber Heights police. Deposition of Charles

---

[2] Simpson testified during his deposition that "the requirement for an auxiliary is that they be the spouse, widow, son, [or] daughter of a * * * member, but they can [also] be the daughter of a veteran." Deposition of Charles Simpson 54:22-56:23, Dec. 28, 2018.

Simpson, Ex. E.

{¶ 9} The disagreement having become an impasse, GVO filed a complaint on March 30, 2018, naming Voiture No. 34 and Simpson as defendants. GVO sought declaratory judgment, injunctive relief, and an order for an accounting. Appellants responded with a counterclaim for defamation against GVO and a third-party complaint for defamation against Voiture Nationale. Appellees moved for summary judgment on their complaint and Appellants' claims for defamation, and on April 28, 2019, the trial court sustained Appellees' motions and overruled Appellants' motions.

{¶ 10} Voiture No. 34 filed a petition for bankruptcy in the United States District Court for the Southern District of Ohio on May 7, 2019, and one day later, Simpson and Voiture No. 34 filed notices of appeal from the trial court's decisions. On May 16, 2019, GVO filed a motion to dismiss the appeal on the basis that the filing of the bankruptcy petition "effected an automatic stay of all actions against the petitioner," in which Voiture Nationale joined. In a decision entered on January 24, 2020, this court sustained the motion in part, dismissing Voiture No. 34's appeal as it related to the trial court's entry of summary judgment on the complaint. The matter has since been fully briefed by the parties.

## II. Analysis

{¶ 11} Together, Appellants raise three assignments of error, all of which relate to the trial court's entry of summary judgment. Under Civ.R. 56, summary judgment is proper only where: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one

conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 12} Initially, the movant bears the burden of establishing the absence of any genuine dispute of material fact, relying only on evidence of the kinds listed in Civ.R. 56(C). *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party may not rely merely on the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type[s] listed in Civ.R. 56(C)." *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42.

{¶ 13} For his first assignment of error, Simpson contends that:

THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT[.]

{¶ 14} The trial court held that Voiture No. 34 "is bound by the constitutions of the

[national, state and local levels] of the organization * * *, and the other rules promulgated" by Voiture Nationale and GVO. Decision, Order and Entry Sustaining Plaintiff's Motion for Summary Judgment on the Complaint 15, Apr. 28, 2019. Although Voiture No. 34 has not perfected an appeal on its own behalf from the court's judgment, Simpson argues that the judgment should be reversed for a number of reasons. Brief of Charles Simpson 10-15. GVO argues, in response, that Simpson lacks standing to appeal on behalf of Voiture No. 34. Brief of GVO 8-9. Voiture Nationale has not addressed the issue, and Simpson has not submitted a reply to GVO's brief. Brief of Voiture Nationale 8-14. Regarding the judgment as it applies to Simpson himself, Simpson argues that the judgment should be reversed because the court failed to comply with R.C. 2727.02 and Civ.R. 65. *See* Brief of Charles Simpson 12-13.

{¶ 15} Standing "is * * * a jurisdictional requirement" inasmuch as a prospective party's "lack of standing vitiates the party's ability to invoke the jurisdiction of a court" to hear an action. (Citations omitted.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22. To have standing, a party must " 'assert [his] own rights, not the [rights] of third parties,' " and concomitantly, a party generally "does not have standing to prosecute an appeal in order to protect the rights of * * * third part[ies]." (Citation omitted.). *Util. Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 49, quoting *City of N. Canton v. City of Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005, 871 N.E.2d 586, ¶ 14; *UBS Fin. Servs., Inc. v. Lacava*, 8th Dist. Cuyahoga No. 106256, 2018-Ohio-3165, ¶ 42. Third-party standing—that is, standing to litigate on behalf of a third party—is disfavored, but an exception may apply in a case in which a litigant "(i) suffers [his] own injury in fact, (ii)

possesses a sufficiently ' "close" relationship with [the third party, who] possesses the right [or rights at stake in the litigation],' and (iii) shows some 'hindrance' that stands in the way of the [third party] seeking relief" for itself. *City of E. Liverpool v. Columbiana Cty. Budget Comm.*, 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705, ¶ 22, quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129-130, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004).

**{¶ 16}** Here, Simpson argues that the trial court erred by entering summary judgment in favor of Appellees on their complaint, because Voiture No. 34 "is no longer a local [chapter] of the [national] organization." Brief of Charles Simpson 10-12. He posits that Voiture No. 34 was "established [in 1920] as an independent local [chapter of] the American Legion," and because 36 U.S.C. 21704(5) states that the American Legion "may not control or otherwise influence the specific activities and conduct of [its] local chapters," the "independence of Voiture [No.] 34 as a separate entity [with respect to GVO and Voiture Nationale] was firmly established in 1929[,] when it was incorporated under the laws of the State of Ohio." Brief of Charles Simpson 14. He characterizes the relationship between GVO and Voiture No. 34 after 1929 as "a joint venture for the enrollment of members and the collection of money for dues," which "is legally classified as a partnership." *See id.* at 11.

**{¶ 17}** Simpson argues further that the trial court contravened R.C. 2721.02, which states that "courts of record may declare rights, status, and other legal relations," because the court granted injunctive relief to Appellees without "consider[ing] the universal and ever present right of every party to an agreement to cancel, rescind or reject" the agreement; in other words, Simpson maintains that Appellees had no right to injunctive relief because Voiture No. 34 dissociated itself from GVO and Voiture Nationale. Brief

of Charles Simpson 12. Additionally, Simpson argues that the injunctions issued by the court are invalid because the court did not first hold a hearing, in violation of the requirements of R.C. 2727.02 and Civ.R 65, and because the injunctions "are all vague and indefinite * * * as to whom and what they are directed."[3] *Id.* at 12-13.

{¶ 18} In our decision of January 24, 2020, we held that we lacked "jurisdiction to consider [Voiture No. 34]'s notice of appeal from the [trial court's decision of] April 28, 2019," in which the court "grant[ed] * * * summary judgment [in favor of GVO] on [the] complaint," because Voiture No. 34 filed its notice of appeal on May 8, 2019, one day after it had filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio. Decision and Entry 2 and 5, Jan. 24, 2020. Given that Voiture No. 34 filed the notice of appeal during the pendency of the automatic stay occasioned by its bankruptcy petition, we determined that the notice of appeal "was a nullity." *Id.* at 15-16. As a result, the trial court's decision of April 28, 2019, is now res judicata with respect to Voiture No. 34.

{¶ 19} Simpson, for his part, lacks standing to appeal the decision on Voiture No. 34's behalf. *See Util. Serv. Partners, Inc.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921

---

[3] Simpson faults the court, too, for failing to "consider the fact that the 'County Voiture' does not own any real property." Brief of Charles Simpson 13. In its decision sustaining GVO's motion for summary judgment, the court referred to Simpson and Voiture No. 34 collectively as " 'County Voiture,' " and it ordered that "Defendants [be] prohibited from selling, transferring, or otherwise alienating the real property of the County Voiture." Decision, Order and Entry Sustaining Plaintiff's Motion for Summary Judgment on the Complaint 1 and 16. The context clarifies that in issuing this order, the court intended to refer to the real property of Voiture No. 34, because any real property owned by Simpson himself was not involved in the action, but Simpson's criticism on this point superficially appears to be warranted. Simpson acknowledges that Voiture No. 34 owns the real property in question. Brief of Charles Simpson 6-7 and 15.

N.E.2d 1038, at ¶ 49; *Columbiana Cty. Budget Comm.*, 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705, at ¶ 22. Even assuming for sake of analysis that Simpson could show he has suffered an "injury in fact" as a consequence of the decision, and further assuming that he could show his former membership in Voiture No. 34 constituted a sufficiently close relationship, Simpson cannot demonstrate that Voiture No. 34 was prevented by "some 'hindrance' " from seeking relief for itself. *See Columbiana Cty. Budget Comm.* at ¶ 22. Voiture No. 34 appeared in the action below, was represented by counsel and offered a defense, and could have filed a notice of appeal before seeking bankruptcy protection or after its bankruptcy petition was dismissed. Although Voiture No. 34 did not file a valid, timely notice of appeal, its failure to perfect an appeal is not a "hindrance" such that Simpson can establish third-party standing to prosecute an appeal on its behalf. *See, e.g.*, *Util. Serv. Partners, Inc.* at ¶ 52; *Columbiana Cty. Budget Comm.* at ¶ 22; *Riverside v. State*, 2d Dist. Montgomery No. 26024, 2014-Ohio-1974, ¶ 23-28. A holding to the contrary would effectively allow Voiture No. 34 to circumvent the Rules of Appellate Procedure.

{¶ 20} To the extent that the injunctive relief granted by the trial court in its decision of April 28, 2019, applies to Simpson personally, we hold that he has not demonstrated either that the court failed to comply with R.C. 2727.02 and Civ.R. 65 by issuing injunctions without first holding a hearing, or that the court's orders were "vague and indefinite." Brief of Charles Simpson 13. Under R.C. 2727.02 and Civ.R. 65, the court was not required to hold a hearing before it granted the injunctive relief sought by GVO, and the court's orders appear to be specific and readily understandable. *See, e.g.*, R.C. 2727.02 (imposing no requirement that a court hold a hearing before issuing an

injunction); *Danziger v. Rieman*, 6th Dist. Sandusky No. S-19-021, 2020-Ohio-216, ¶ 19 (noting that "except where a temporary restraining order has been issued, Civ.R. 65 does not expressly require a hearing"). Simpson's first assignment of error is overruled.

{¶ 21} In Simpson's second assignment of error, and in Voiture No. 34's single assignment of error, Appellants contend that:

THE COURT ERRED IN GRANTING THE MOTIONS OF PLAINTIFF AND THE THIRD PARTY DEFENDANT FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM AND THIRD PARTY COMPLAINT[.]

{¶ 22} Appellants argue that the trial court improperly entered summary judgment in favor of GVO and Voiture Nationale on Appellants' claims for defamation, because the record presented genuinely disputed questions of material fact, and even otherwise, because GVO and Voiture Nationale were not entitled to judgment as a matter of law. *See* Brief of Charles Simpson 16-18; Brief of Voiture No. 34 10-11. Defamation is a "publication [of a falsehood that] caus[es] injury to a person's reputation"; exposes the person "to public hatred, contempt, ridicule, shame or disgrace"; or "affect[s] [the person] adversely in [the person's] trade or business." (Citations omitted.) *Matalka v. Lagemann*, 21 Ohio App.3d 134, 136, 486 N.E.2d 1220 (10th Dist.1985). To prevail on a claim of defamation, a plaintiff must prove that: (1) "the defendant made a false statement of fact"; (2) the "statement was defamatory" per se or per quod; (3) the statement was published; (4) the plaintiff was damaged; and (5) "the defendant acted with the required degree of fault." (Citation omitted.) *Matikas v. Univ. of Dayton*, 152 Ohio App.3d 514, 2003-Ohio-1852, 788 N.E.2d 1108, ¶ 27. A statement that satisfies the

definition of defamation on its face is defamatory per se, whereas a statement of which the defamatory import depends on "interpretation or innuendo" is defamatory per quod. *See Gosden v. Louis*, 116 Ohio App.3d 195, 206, 687 N.E.2d 481 (9th Dist.1996).

{¶ 23} In cases of defamation per se, "damages and fault are generally presumed." (Citations omitted.) *Sullins v. Raycom Media, Inc.*, 2013-Ohio-3530, 996 N.E.2d 553, ¶ 17 (8th Dist.). In cases of defamation per quod, on the other hand, damages must be proven, and the assessment of the defendant's degree of fault depends on the plaintiff's "classification in the context of [the] action." *Kassouf v. Cleveland Magazine City Magazines*, 142 Ohio App.3d 413, 420, 755 N.E.2d 976 (11th Dist.2001). There "are four classifications into which a plaintiff [in a] defamation [action] may fall: (1) a private person; (2) a public official; (3) a public figure; and (4) a limited purpose public figure." *Talley v. WHIO TV 7*, 131 Ohio App.3d 164, 169, 722 N.E.2d 103 (2d Dist.1998). To recover, a plaintiff classified as a private person must prove that the "defendant acted negligently in publishing" any allegedly defamatory statements. (Citation omitted.) *Id.*

{¶ 24} In the case at hand, the trial court found that Voiture No. 34 is a private entity and held that the purportedly defamatory statements to which Appellants object were true, protected by a qualified privilege, or both. *See* Decision, Order and Entry Sustaining Voiture Nationale's Motion for Summary Judgment 8-11; Decision, Order and Entry Sustaining GVO's Motion for Summary Judgment 7-12. Appellants argue that the court erred by entering judgment under Civ.R. 56 on their claims for defamation because "issues of privilege and publication * * * [were] contested and should have been decided by a jury." Brief of Charles Simpson 16; Brief of Voiture No. 34 11.

{¶ 25} Appellants' argument lacks merit. Whether "a privilege exists as a defense

to * * * alleged defamation" is a determination "for [a] trial court [to make] as a matter of law." *Worrell v. Multipress, Inc.*, 45 Ohio St.3d 241, 249, 543 N.E.2d 1277 (1989); *Sears v. Kaiser*, 2d Dist. Greene No. 2011-CA-40, 2012-Ohio-1777, ¶ 20, citing *Shepard v. Griffin Servs., Inc.*, 2d Dist. Montgomery No. 19032, 2002-Ohio-2283, ¶ 45. As the trial court in this case noted, a "fraternal or social organization generally retains a qualified privilege * * * to report internal problems or conflicts within the organization to its members." (Citations omitted.) *McPeek v. Leetonia Italian-Am. Club*, 2007-Ohio-7218, 882 N.E.2d 450, ¶ 10 (7th Dist.); Decision, Order and Entry Sustaining Voiture Nationale's Motion for Summary Judgment 8-9, citing *McPeek* at ¶ 10; Decision, Order and Entry Sustaining GVO's Motion for Summary Judgment 7-8, citing *McPeek* at ¶ 10. To "defeat the qualified privilege, 'there must be a showing that [any allegedly defamatory statements] were made with actual malice,' " i.e., "with knowledge of [the statements'] falsity or with reckless disregard of whether [the statements] were false or not." *McPeek* at ¶ 10, quoting *Evely v. Carlon Co., Div. of Indian Head, Inc.*, 4 Ohio St.3d 163, 165, 447 N.E.2d 1290 (1983); *Sullins* at ¶ 20. Similarly, the truth of any allegedly defamatory statements is "an absolute defense to a [claim of] defamation." *Stohlmann v. WJW TV, Inc.*, 8th Dist. Cuyahoga No. 86491, 2006-Ohio-6408, ¶ 13.

{¶ 26} The trial court found that the statements at issue in this case concerned problems within the organization, and that Appellants produced no summary judgment evidence showing that the statements were published to anybody outside of the organization's membership, apart from publication to law enforcement officers and publication in the context of litigation; as well, the court found that Appellants produced no summary judgment evidence showing that any statements at all were published by

Voiture Nationale. Decision, Order and Entry Sustaining GVO's Motion for Summary Judgment 11-12; Decision, Order and Entry Sustaining Voiture Nationale's Motion for Summary Judgment 10. Furthermore, the court found that Appellants "submitted no evidence showing that any [of] the allegedly defamatory statements were false." Decision, Order and Entry Sustaining GVO's Motion for Summary Judgment 10-11.

{¶ 27} Having conducted an independent review of the record, we concur with the trial court's findings. Appellants produced no summary judgment evidence demonstrating that Appellees published any allegedly defamatory statements that were unrelated to internal problems; that Appellees published any allegedly defamatory statements to persons outside the membership of the national, state and local organizations—apart from publication to law enforcement officers, other litigants and court personnel; or that any of the allegedly defamatory statements were false. Consequently, we hold that the statements were protected by a qualified privilege. *McPeek* at ¶ 10. Absent any evidence that the statements were false, we hold further that the statements were also protected by an absolute privilege. *Stohlmann* at ¶ 13. Simpson's second assignment of error and Voiture No. 34's single assignment of error are overruled.

### III. Conclusion

{¶ 28} Simpson lacks standing to appeal on behalf of Voiture No. 34 from the trial court's entry of summary judgment in favor of Appellees on their complaint for declaratory judgment and injunctive relief, and as the judgment relates to Simpson himself, Simpson has not shown that the court erred. Moreover, with respect to the court's entry of summary judgment in favor of Appellees on Appellants' claims for defamation, the court

did not err because the allegedly defamatory statements were protected by a qualified privilege, an absolute privilege, or both. Therefore, the court's decisions of April 28, 2019, which collectively constitute the court's final judgment, are affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Kevin A. Bowman
Edward J. Dowd
Christopher T. Herman
Charles A. Claypool
Hon. Gerald Parker