[Cite as *Grand Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2021-Ohio-1430.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GRANDE VOITURE D'OHIO LA SOCIETE DES 40 HOMMES ET 8 CHEVAUX | : | |
| | : | |
| | : | Appellate Case Nos. 28854 & 28929 |
| | : | |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2018-CV-1457 |
| v. | : | |
| | : | (Civil Appeal from |
| MONTGOMERY COUNTY VOITURE NO. 34 LA SOCIETE DES 40 HOMMES ET 8 CHEVAUX, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellants | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of April, 2021.

. . . . . . . . . . .

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45422, EDWARD J. DOWD, Atty. Reg. No. 0018681 & Christopher T. Herman, Atty. Reg. No. 0076894, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
        Attorneys for Plaintiff-Appellee

CHARLES J. SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** The appellants, Montgomery County Voiture No. 34, La Societe des 40 Hommes et 8 Chevaux (Voiture No. 34) and Charles Simpson, appeal from the trial court's order finding Simpson in contempt for violating a permanent injunction. The appellants also appeal from the trial court's order that the record title to certain real property be corrected. We affirm both judgments.

**{¶ 2}** As a preliminary matter, we note that the notices of appeal filed in these cases purport to appeal on behalf of "Grand Voiture No. 34 [etc.] (now known as Huber Heights Veterans Club Inc.) and Charles Simpson." The trial court has ordered that Simpson no longer act as an officer of the organization, and we affirmed that order in a prior appeal. (*See Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821 ("*Grand Voiture I*"). In the cases now before us, Montgomery App. No. 28854 deals exclusively with the finding of contempt against Simpson personally, and Grand Voiture No. 34 is unnecessary as an appellant. Montgomery App. No. 28929 deals with the trial court's order that a purported transfer of real estate from Voiture No. 34 to Huber Heights Veterans Club, Inc., by deed prepared and notarized by Simpson, was invalid in that it was in violation of the trial court's April 28, 2019 injunction, which ordered: "Defendants [which included Voiture No. 34 as a corporation] are prohibited from selling, transferring, or otherwise alienating the real property of the County Voiture No. 34…." We nevertheless refer to Simpson as appellant throughout the opinion because he is an apparent actor involved in both appeals. However our decision is the same regardless of nominal parties.

## I. Factual and Procedural Background

**{¶ 3}** The dispute in this case is between the state and local levels of a national veterans association. Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux (GVO) is the state-level organization of Voiture Nationale, La Societe des Quarante Hommes et Huit Chevaux (Voiture Nationale), the national organization. Voiture No. 34 is the local-level organization. Simpson was a member and officer of Voiture No. 34, the local organization. He is also a licensed attorney in Ohio.

**{¶ 4}** In 2017, Simpson was permanently expelled from membership in GVO and was barred from the organization's premises. But he continued to act on behalf of Voiture No. 34 and took steps to separate Voiture No. 34 from the national organization.[1] In an effort to prevent this, in 2018, GVO brought an action against Voiture No. 34 and Simpson seeking declaratory judgment, an order for an accounting, and injunctive relief. GVO accused Voiture No. 34 of a series of violations of Voiture No. 34's own constitution and bylaws, GVO's constitution, and Voiture Nationale's constitution. It identified Simpson as the primary instigator.

**{¶ 5}** In April 2019, the trial court granted summary judgment for GVO and Voiture Nationale. The court concluded that Voiture No. 34 had violated numerous provisions of the state and national constitutions and was being run by non-members of Voiture Nationale, like Simpson, who had been permanently expelled from membership. Simpson had argued that Voiture No. 34 was not subject to the constitutions of the national and state bodies, because it was an independent and separate entity, as it had organized as

---

[1] The full history of the dispute is laid out in our prior decision in this case, *Grande Voiture I,* 2d Dist. Montgomery No. 28388, 2020-Ohio-3821.

a corporation under Ohio law after it had obtained its charter. The trial court rejected Simpson's argument and held that Voiture No. 34 was bound by the constitutions of the organization at the national, state, and local levels, as well as the other rules promulgated by the national and state-level organizations. The court granted GVO injunctive relief barring Simpson "from further participation in the affairs of the Montgomery County Voiture No. 34" and barring him "from further action as [an] officer[ ] of the organization." Simpson and Voiture No. 34 were also "prohibited from selling, transferring, or otherwise alienating the real property of the County Voiture [Voiture No. 34]." We affirmed the grant of summary judgment and the injunctive relief. *See Grande Voiture I.*

{¶ 6} The month after the court issued the injunction, GVO filed a motion for contempt against Simpson for violations of the injunction. In September 2019, Voiture No 34 and Simpson filed a motion for an order substituting parties as well as a motion for contempt against GVO. On March 4, 2020, the trial court granted GVO's motion and found Simpson in contempt, after finding that he had continued to act as an officer and board member of Voiture No. 34 and to act as counsel for the organization. The court found that, in one instance, Simpson had renamed the organization the "Huber Heights Veterans Club, Inc." and then filed a deed transferring real property in Huber Heights owned by Voiture No. 34 into the organization's new name. The trial court declared this deed invalid and ordered Simpson to restore title to Voiture No. 34. The court also denied both of the appellants' September 2019 motions. A few months later, the appellants filed a motion for attorney fees and costs under R.C. 2323.51, which provides for sanctions for frivolous conduct. On June 29, 2020, the court ordered Simpson to pay GVO almost $40,000 in attorney fees as sanctions for his contempt. The court also denied the

defendants' motion for attorney fees and costs.

{¶ 7} Simpson failed to restore title of the Huber Heights property to Voiture No. 34, so GVO filed a motion asking the trial court to issue an order that could be filed with the Montgomery County Recorder to correct the property's record title. On September 17, 2020, the trial court found that, since Simpson had failed to restore title as ordered, this relief was necessary to restore the status quo. The court sustained the motion and instructed the recorder to return title to Voiture No. 34.

## II. Analysis

{¶ 8} Simpson separately appealed the contempt and sanction orders and the order to correct record title. We consolidated the two appeals, and they are now before us.

## A. The contempt and sanction orders

{¶ 9} Simpson raises four assignments of error in Montgomery App. No. 28854 related to the trial court's contempt and sanction orders:

1. The Court erred in dismissing Defendants' motion for substitution of parties defendant and dismissal of the judgment as to the Defendants, in disregarding the separation of the Defendant Corporation from the Plaintiff and in disregarding the illegal acts of the Plaintiff.

2. The Court erred in awarding Plaintiff advantages and enhancements in civil matters as part of a contempt proceeding to enforce an injunction.

3. The Court erred in finding the Defendant Simpson in contempt of the injunction against participation in the affairs of the 40 & 8 organization.

4. The Court erred in denying Defendants' motions and claims for sanctions

against the Plaintiff and Plaintiff's counsel.

{¶ 10} These four assignments of error are essentially based on the same argument. The argument is premised on the idea that Voiture No. 34 is both an organization that is part of the national organization and a corporation that is a separate entity, separate and distinct from the national organization. Simpson's position is that it is the organization that is subject to the trial court's injunction, not the corporation, and that he acted for the corporation, of which he remains an officer and member. He also maintains that some of his actions were not a basis for a finding of contempt and could not be sanctioned, because they were done in his capacity as attorney for Voiture No. 34.

{¶ 11} The trial court rejected the notion that the corporation is a separate entity not bound by its injunction. Indeed, the court pointed out that the issue is res judicata, because it had already decided the issue in its April 28, 2019 injunction order. In that order, the court explicitly held that Voiture No. 34 was bound to follow the constitutions and rules of the GVO, noting that "Simpson has simply refused to accept this." The court pointed out that, despite the injunction's plain prohibition, Simpson had admitted in his affidavit and in his hearing testimony that he was still an officer and director of Voiture No. 34. The trial court found that, by admitting this, Simpson had admitted to his contempt. The court determined that all legal disputes in the case had been decided in the April 2019 order. Accordingly, the court found that Simpson had repeatedly and willfully violated the injunction that he no longer act on behalf of Voiture No. 34.

{¶ 12} We agree with the trial court and find no merit in Simpson's arguments. The original action was filed against Voiture No. 34, clearly described in the complaint as a corporation, which the defendants admitted in their answer. And the injunction was plainly

issued against the corporation. As the trial court found, Simpson did much more than act as counsel for Voiture No. 34. He signed a bankruptcy petition saying that he had records of the corporation (claiming that he was its treasurer). He knew that the former directors were prohibited from taking any actions for the corporation, so he had to know his litigation filings were enjoined by the trial court. He put up a mailbox and apparently diverted some mail. He failed to turn over the financial records. He filed a replevin action against a Voiture No. 34 member who had retrieved a parade vehicle from the club property for safekeeping, and, while that action was filed before the injunction, Simpson continued to argue after the injunction that the vehicle belonged to the corporation, despite knowing that the corporation could no longer act on behalf of the ousted board. Simpson formally changed the name of the organization, and he prepared and recorded a deed transferring title of real property to the new name, despite knowing that the corporation had been enjoined from transferring or alienating any property.

{¶ 13} Simpson's arguments in these assignments of error rest on the premise that the corporation is a separate entity from the organization and is not bound by the injunction. That premise has been repeatedly rejected, and the issue is res judicata. And without that foundational premise, all of the arguments supporting the four assignments of error here collapse.

{¶ 14} The four assignments of error are overruled.

### B. The order to correct record title

{¶ 15} In Montgomery App. No. 28929, Simpson assigns two errors to the September 17, 2020 order to correct record title to the Huber Heights property. The first assignment of error alleges:

The Court erred in granting Plaintiff's motion for an order correcting record title to Defendant's real property.

**{¶ 16}** Simpson argues that the order to correct record title was improper because it was barred by the statute of frauds for real property, R.C. 1335.04. We disagree. The statute of frauds expressly permits an interest in land to be assigned "by act and operation of law." Regardless, the court did not actually order a transfer of title; it declared that the deed Simpson had filed was invalid, meaning that no interest was ever transferred to "Huber Heights Veterans Club, Inc." The trial court merely instructed the recorder to correct its records. For the same reason, we reject Simpson's argument that the trial court was without power to remedy this violation of the injunction, and that GVO should be required to initiate a quiet-title action. Simpson's remaining arguments are based on the premise that underlies all his arguments in this appeal, namely, that Voiture No. 34 as a corporation is separate and distinct from the organization—a premise that has been rejected.

**{¶ 17}** The first assignment of error in Case No. 28929 is overruled.

**{¶ 18}** The second assignment of error alleges:

The Court erred in denying Defendants' motion to strike and request for sanctions.

**{¶ 19}** Earlier on the same day that the trial court sustained GVO's motion to correct record title, Simpson had filed a motion to strike GVO's motion as well as a motion for sanctions against GVO and its counsel for frivolous conduct. On September 24, 2020, the court denied both motions as moot, because it had already granted GVO's motion as meritorious. Simpson contends that the trial court erred by overruling his two motions.

But he did not appeal from the September 24, 2020 order, so we have no jurisdiction to review it. Simpson can rest assured, though, that even if we did have jurisdiction, we would find no problem with the trial court's decisions.

{¶ 20} The second assignment of error in Case No. 28929 is overruled.

### III. Conclusion

{¶ 21} We have overruled all of the assignments of error presented. The appealed judgments of the trial court are affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and EPLEY, J., concur.

Copies sent to:

Kevin A. Bowman
Dwight D. Brannon
Edward J. Dowd
Christopher T. Herman
Charles J. Simpson
Hon. Gerald Parker