[Cite as *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2021-Ohio-2429.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

GRANDE VOITURE D'OHIO LA
SOCIETE DES 40 HOMMES ET 8
CHEVAUX

      Plaintiff-Appellee

v.

MONTGOMERY COUNTY VOITURE
NO. 34 LA SOCIETE DES 40
HOMMES ET 8 CHEVAUX, et al.

      Defendants-Appellants

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 29064

Trial Court Case No. 2018-CV-1457

(Civil Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of July, 2021.

. . . . . . . . . . .

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

CHARLES J. SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
      Attorney for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Defendant-appellant Charles J. Simpson appeals from an order of the Montgomery County Court of Common Pleas authorizing plaintiff-appellee "to make a filing with the Ohio Secretary of State restoring the name of the corporation, Montgomery County Voiture No. 34 La Societe des 40 Homme[s] et 8 Chevaux." Order, Mar. 13, 2021. Simpson challenges the trial court's authority to take such action. For the following reasons, we affirm.

## I.     Facts and Procedural History

**{¶ 2}** This is the fourth appeal Simpson has filed in this protracted litigation between various factions of a charitable organization known as La Societe des 40 Hommes et 8 Chevaux. The group, which consists of a national organization (hereinafter "National Voiture") as well as state and local level associations, was formed in 1920. For ease of reference we will refer to the state and Montgomery County associations as Ohio Voiture and County Voiture. County Voiture was established by charter as part of the national and state organizations. The charter provided that County Voiture would be subject to the constitution, laws, rules, regulations and orders of the national and state organizations.

**{¶ 3}** In 2017, disciplinary proceedings were initiated against Simpson, and he was permanently expelled from membership in the organization. Nonetheless, Simpson continued to act as an officer of and attorney for County Voiture. Simpson ultimately took steps to separate the county organization from the national and state organizations.

**{¶ 4}** In 2018, Ohio Voiture brought an action against County Voiture and Simpson

seeking declaratory judgment, an order for an accounting, and injunctive relief. The suit alleged that the County Voiture had committed violations of its own constitution and bylaws as well as the constitutions of both Ohio Voiture and National Voiture. The suit identified Simpson as the instigator of the violations.

{¶ 5} On April 28, 2019, the trial court rendered summary judgment in favor of Ohio Voiture, granting injunctive relief barring Simpson from participating in or interfering with the affairs of County Voiture. The judgment also ordered Simpson to provide an accounting of assets and debts. Simpson and County Voiture appealed from that judgment, which was affirmed by this court. *See Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821 (*Grand Voiture I*).

{¶ 6} Less than two weeks after the trial court rendered summary judgment, Simpson filed a bankruptcy action on behalf of the County Voiture while purporting to act as an officer thereof. Thus, on May 9, 2019, Ohio Voiture filed a motion seeking to hold Simpson in contempt for violating the court's judgment. On July 2, 2019, Ohio Voiture renewed its motion for contempt and noted that Simpson had also failed to provide an accounting as required by the trial court's April 2019 judgment.

{¶ 7} On July 5, 2019, Simpson filed documents with the Ohio Secretary of State changing the name of County Voiture to Huber Heights Veteran's Club. On July 11, 2019, Simpson filed a general warranty deed transferring property from County Voiture to Huber Heights Veteran's Club. Ohio Voiture filed a supplemental motion for contempt

on August 28, 2019.[1]

{¶ 8} Following a hearing, the trial court entered an order on March 4, 2020, finding Simpson in contempt. The order required Simpson to pay Ohio Voiture's attorney fees and expenses, with the amount to be determined at a later hearing. The order also required Simpson to take all necessary actions and to pay all necessary costs related to restoring the name and property of County Voiture. Finally, the court ordered Simpson to provide a full accounting related to County Voiture within 30 days. A hearing on the attorney fees and expenses was conducted, and on June 29, 2020, Ohio Voiture was awarded the sum of $39,767.22. On July 24, 2020, Simpson filed an appeal of the contempt judgment and sanction award.

{¶ 9} On September 16, 2020, Ohio Voiture filed a motion in the trial court seeking to correct the record title to the property conveyed by Simpson, as Simpson had failed to comply with the March 2020 contempt order. The motion was granted, and the trial court ordered the County Recorder to (1) file the order granting the motion, (2) remove Huber Heights Veteran's Club from the record of title, and (3) return title to County Voiture. On October 2, 2020, Simpson filed an appeal of that order. The appeal of the contempt judgment and sanctions and the title correction were consolidated. We again affirmed the trial court's orders on April 23, 2021. *See Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28854 and 28929, 2021-Ohio-1430 (*Grand Voiture II*).

---

[1] The record demonstrates that Simpson took numerous other actions in violation of the trial court's orders. However, as those actions in contempt are not relevant to this appeal, they will not be further discussed.

{¶ 10} On March 9, 2021, Ohio Voiture filed a Civ.R. 70 motion to authorize the filing of a name change with the Secretary of State due to Simpson's continued failure to comply with the court's order. Simpson filed a motion to strike Ohio Voiture's motion as frivolous and to impose sanctions. On March 13, 2021, the trial court granted Ohio Voiture's motion and overruled Simpson's motion.

{¶ 11} Simpson appeals.

## II. Order Authorizing Change of Name

{¶ 12} Simpson's first assignment of error states:

THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING THE FILING OF A CHANGE OF NAME WITH THE SECRETARY OF STATE.

{¶ 13} Simpson contends that the trial court had no authority to order the filing of documents to effectuate the restoration of the organization's name from Huber Heights Veteran's Club to County Voiture. In support, he first argues that the trial court had no authority to act because a stay of execution pending appeal was in effect. He also argues that "the contempt proceedings against Simpson do not support any claim or action against the Corporation, Huber Heights Veterans Club, Inc., on account of its change of name."

{¶ 14} We first address Simpson's claim that the trial court violated a stay pending appeal when it entered the subject order. The record demonstrates that the decisions regarding the finding of contempt and imposition of sanctions were appealed by Simpson on July 24, 2020. On October 1, 2020, Simpson filed a motion for stay of execution

pending appeal. On October 28, 2020, this court granted the requested stay, conditioned upon the posting of a $60,000 bond with the trial court. On December 22, 2020, Simpson filed a document with the trial court purporting to be an appellate bond. The document identified Simpson as both principal and surety. On February 10, 2021, the trial court issued an order striking the bond, finding that Simpson was not allowed to act as his own surety under Loc.R. 1.21 of the Montgomery County Common Pleas Court. Simpson did not contest the trial court's ruling with either the trial court or this court, and he did not attempt to rectify the deficiency with the posted bond.

{¶ 15} R.C. 2505.09, which sets forth the requirements for a stay of execution of judgment pending appeal, states in part that "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee[.]" Further, R.C. 2505.10 provides that a bond does not operate to effectuate a stay until it is approved by the trial or appellate court. Likewise, Civ.R. 62(B) provides that a stay is only effective when the bond is approved by the court.

{¶ 16} In this case, the trial court expressly rejected the bond posted by Simpson on the basis that Montgomery County Loc.R. 1.21 does not permit attorneys to act as sureties. Thus, since the bond was not approved by the trial court or this court, no stay was in effect at the time the trial court issued its order.

{¶ 17} While the issue of the stay was not challenged or appealed, we note "an appellate court reviews a trial court's denial of a motion for a stay of execution of judgment and request for bond for an abuse of discretion." *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2011-01-001, 2012-Ohio-2250, ¶ 30, citing Civ.R. 62(B) and *Ohio Carpenter's*

*Pension Fund v. La Centre, LLC*, 8th Dist. Cuyahoga Nos. 86597, 86789, 2006-Ohio-2214, ¶ 31, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18873, 1998 WL 597704, *2 (Sept. 2, 1998). The trial court concluded that the bond posted by Simpson was inadequate as Simpson was prohibited from acting as surety by the provisions of Loc.R. 1.21, which expressly prohibits attorneys acting as sureties on bonds. Thus, even were this claim properly before us, we would find no abuse of discretion.

{¶ 18} Simpson also asserts that the contempt action against him cannot be enforced because doing so would adversely affect Huber Heights Veterans Club, which was not mentioned in the injunction order. This argument is nonsensical. The Huber Heights Veterans Club is a legal nullity. It was created solely as a result of Simpson's actions in violation of the injunction. Further, this argument is barred by res judicata given our affirmance of the trial court's contempt judgment.

{¶ 19} Finally, it is well-established that courts have inherent power to enforce their final judgments. *Rieser v. Rieser*, 191 Ohio App.3d 616, 2010-Ohio-6227, 947 N.E.2d 222, ¶ 19 (2d Dist.); *City of Cleveland v. Laborers Internatl. Union Local 1099*, 2018-Ohio-161, 104 N.E.3d 890, ¶ 22 (8th Dist.); *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 27. Civ.R. 70 is a procedural rule "intended to provide as easy and effective method as possible to carry out a court order for conveyance of land, property or performance of another specific act." Civ. R. 70, 1970 Staff Note. Civ.R. 70 states, in part:

> If a judgment directs a party to execute a conveyance of land, to transfer
>
> title or possession of personal property, to deliver deeds or other
>
> documents, or to perform any other specific act, and the party fails to comply

within the time specified, the court may, where necessary, direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party.

{¶ 20} "Civ.R. 70 gives a trial court the authority to enforce a previous court order that required a specific act to be performed." *Alexander v. Urban Communications Television Inc.*, 2d Dist. Montgomery No. 18696, 2001 WL 896945, *2 (Aug. 10, 2001), citing *Tessler v. Ayer*, 108 Ohio App.3d 47, 52, 669 N.E.2d 891, 895 (1st Dist.1995). The rule, which is rarely mentioned in appellate decisions, "is reserved for particularly obstinate parties[.]" *Tessler* at 52, fn. 3. *See also Freeman v. Freeman*, 10th Dist. Franklin No. 07APF05-706, 1997 WL 781999, *2 (Dec. 16, 1997) (the purpose of Civ.R. 70 is to give the court power to deal with parties who refuse to obey specific-act orders).

{¶ 21} We conclude that the trial court's contempt judgment was a final judgment which the court was permitted to enforce. To that end, the trial court properly utilized Civ.R. 70 to effectuate its order. Simpson's arguments to the contrary lack merit.

{¶ 22} Accordingly, the first assignment of error overruled.

### III. Motion to Strike and Request for Sanctions

{¶ 23} The second assignment of error asserted by Simpson states:

THE COURT ERRED IN DENYING DEFENDANTS MOTION TO STRIKE AND REQUEST FOR SANCTIONS.

{¶ 24} Simpson claims that the trial court erred in failing to sustain his motion to strike Ohio Voiture's motion for Civ.R. 70 relief and in failing to grant his related motion

for sanctions. In support, Simpson asserts that the motion was frivolous with no support in law.

{¶ 25} R.C. 2323.51 provides that a court may "award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1). "Conduct" encompasses "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). Frivolous conduct is defined as conduct that (1) serves merely to harass or maliciously injure another party to the civil action, (2) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, or (3) consists of allegations or other factual contentions that have no evidentiary support. R.C. 2323.51(A)(2)(a).

{¶ 26} In our disposition of the prior assignment of error, we found that Ohio Voiture's motion for Civ.R. 70 relief was warranted and permitted by law and the facts of this case. Therefore, we must necessarily conclude that Ohio Voiture did not engage in frivolous conduct in filing the motion and that it was not subject to sanctions for such filing.

{¶ 27} Accordingly, the second assignment of error is overruled.

## IV. Conclusion

{¶ 28} Both assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Kevin A. Bowman
Charles J. Simpson
Edward Dowd
Hon. Gerald Parker