[Cite as *Huber Hts. Veterans Club, Inc. v. Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux*, 2021-Ohio-2784.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| HUBER HEIGHTS VETERANS CLUB, INC. | : | |
| | : | |
| | : | Appellate Case No. 29095 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2021-CV-1227 |
| v. | : | |
| | : | (Civil Appeal from |
| GRANDE VOITURE D'OHIO LA | : | Common Pleas Court) |
| SOCIETE DES 40 HOMMES ET 8 | : | |
| CHEVAUX, et al. | : | |
| | : | |
| Defendants-Appellees | | |

. . . . . . . . . .

O P I N I O N

Rendered on the 13th day of August, 2021.

. . . . . . . . . .

CHARLES J. SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
    Attorney for Plaintiff-Appellant, Huber Heights Veterans Club, Inc.

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
    Attorney for Defendant-Appellee, Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux

EDWARD J. DOWD, Atty. Reg. No. 0018681 & CHRISTOPHER T. HERMAN, Atty. Reg. No. 0076894, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
    Attorneys for Defendant-Appellee, Voiture Nationale La Societe des 40 Hommes et 8 Chevaux

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Huber Heights Veterans Club, Inc. ("HHVC") appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux ("Grande Voiture") and Voiture Nationale la Societe des 40 Hommes et 8 Chevaux ("Voiture Nationale") on HHVC's claims for "Theft of Chattels and Damages to Property." The trial court concluded that HHVC's claims were barred by res judicata. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} This appeal represents the latest in a long line of appeals involving the national, state, and local levels of The Forty and Eight, a veterans association. We have detailed the facts underlying the various disputes in our prior opinions, and we summarize them here.

{¶ 3} The Forty and Eight has a hierarchical structure consisting of a national organization and associated state and local organizations. Voiture Nationale is the national organization, and Grande Voiture is the Ohio state-level organization. Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux ("Voiture Locale") is the county-level organization in Montgomery County. HHVC purports to be a successor organization to Voiture Locale that is no longer associated with The Forty and Eight.

{¶ 4} At some point, Voiture Locale began engaging in conduct that was contrary to the constitution, bylaws, and other governing documents of the national and state-level

organizations. Among other things, Voiture Locale adopted an amended constitution, elected a new board of governors under that amended constitution, created an auxiliary membership, and failed to pay national dues.

{¶ 5} In 2017, Grande Voiture initiated internal disciplinary proceedings against Charles Simpson, one of the local organization's officers under the new constitution, and permanently expelled him from membership for life. Following that determination, Voiture Locale resolved to prohibit Grande Voiture officials from entering Voiture Locale's premises, located at 4214 Powell Road in Huber Heights. Another member of Voiture Locale, however, filed a criminal trespass complaint against Simpson with the Huber Heights police.

{¶ 6} In 2018, Grande Voiture brought an action against Voiture Locale seeking declaratory and injunctive relief, and an accounting. Montgomery C.P. No. 2018-CV-1457. Voiture Locale filed a counterclaim against Grande Voiture and a third-party complaint against Voiture Nationale, alleging that Grande Voiture and Voiture Nationale engaged in actions to wrongfully take possession and control of its property, as well as extortion, coercion, libel, slander and defamation.

{¶ 7} On April 28, 2019, the trial court in Case No. 2018-CV-1457 granted summary judgment to Grande Voiture and Voiture Nationale. The court noted: "The evidence in the record is undisputed that Montgomery Voiture Locale No. 34 has violated numerous provisions of the state and national constitutions and is now being run by nonmembers of the 40 and 8, such as Defendant Simpson, who was expelled permanently from membership." The trial court held that Voiture Locale was bound by the constitutions of the organization at the national, state, and local levels, as well as the

other rules promulgated by the national and state-level organizations.

{¶ 8} The court voided all actions taken by Voiture Locale that were in violation of those constitutions, invalidated Voiture Locale's amended constitution, and dissolved the purported board of directors appointed under that constitution. The court further granted an injunction, which, among other things, barred Simpson from participating in or interfering with the affairs of Voiture Locale. (*See* Motion for Summary Judgment, Ex. A.) We affirmed the trial court's judgment. *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821.

{¶ 9} Despite the trial court's rulings, Simpson (a licensed attorney) has continued to act ostensibly on behalf of Voiture Locale, either as a purported officer or as an attorney retained by the now-dissolved board of directors. These actions have included filing a forcible entry and detainer action in municipal court (*see* Motion for Summary Judgment, Ex. E), a bankruptcy petition for Voiture Locale in bankruptcy court (*see id.*, Ex. D), and additional litigation in common pleas court (*see id.*, Ex. F). Several of the lawsuits challenged conduct by Grande Voiture officials with respect to the local organization's property. In addition, based on Simpson's belief that Voiture Locale was a non-profit corporation under Ohio law that was separate and apart from The Forty and Eight, Simpson filed paperwork to change the name of Voiture Locale to the Huber Heights Veterans Club (HHVC) and to have the Powell Road property retitled in that name. *See id.*, Ex. B.

{¶ 10} To date, Simpson has been unsuccessful at every turn. The municipal

court, bankruptcy court, and common pleas court actions were resolved based on res judicata and/or due to Simpson's lack of authority to act on behalf of Voiture Locale. (Motion for Summary Judgment, Ex. D-F.)  The trial court in Case No. 2018-CR-1457 held Simpson in contempt for continuing to act as an officer of Locale Voiture and as counsel for the organization.  (*Id.*, Ex. B.)  The court declared the new deed in HHVC's name to be invalid and ordered Simpson to restore title to Voiture Locale.  We have affirmed the trial court's orders in Case No. 2018-CR-1457 related to contempt and sanctions and to correct record title.  *Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28854, 2021-Ohio-1430.   We have also affirmed that court's order authorizing Grande Voiture to restore the prior name (Voiture Locale) with the Ohio Secretary of State.  *Grande Voiture D'Ohio La Societe Des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 29064, 2021-Ohio-2429.

{¶ 11} The present action was initiated by HHVC in March 2021.   In its complaint, HHVC stated that on March 5, 2021, Grande Voiture and Voiture Nationale conducted a private sale of HHVC's personal property, located at 4214 Powell Road.   HHVC alleged that the transfer and other disposition of the personal property was done "without notice to or consent of Plaintiff, the owner of the items of property."   HHVC further alleged that Grande Voiture and Voiture Nationale removed, sold, or otherwise disposed of "memorabilia, monuments, documents, records and other items whose value cannot be readily determined and cannot be replaced by other item[s]."   HHVC also claimed that Grande Voiture and Voiture Nationale permitted or caused damage to the "structures,

fixtures, and attachments" located on the Powell Road property.

{¶ 12} On April 2, 2021, Grande Voiture and Voiture Nationale jointly responded with a motion for summary judgment, claiming that HHVC's complaint was barred by res judicata. They attached documents from prior litigation involving the parties, including a hearing transcript from the bankruptcy court (Exhibit D), three judgment entries from Case No. 2018-CV-1457 (Exhibits A-C), the municipal court judgment entry (Exhibit E), and the judgment entry from Case No. 2020-CV-2183 (Exhibit F). The attorney for Grande Voiture filed an affidavit describing the prior proceedings and authenticating the exhibits.

{¶ 13} HHVC opposed the motion, arguing the prior actions were irrelevant, that the trial court was not permitted to take judicial notice of proceedings in other cases, and that res judicata did not apply. HHVC further asserted that Grande Voiture and Voiture Nationale did not follow the proper procedures when they failed to answer the complaint and, instead, sought to "avoid the claim and deny to [HHVC] its constitutional right of access to the courts and due process of law."

{¶ 14} On April 14, 2021, the trial court sustained the motion for summary judgment and ordered the complaint dismissed. The trial court reasoned, in relevant part:

> The central matter in this case (Case No. 2021 CV 1227) involves whether Huber Heights Club lawfully possessed the property at 4214 Powell Road. In order to prevail on its Complaint for Theft of Chattels, Huber Heights Club must establish "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value

of the chattel." *Vienna Beauty Prods. Co. v. Cook*, 2015-Ohio-5017, 53 N.E.3d 808, ¶ 12 (2d Dist.). Thus, in order for Huber Heights Club to prevail on its causes of action in this case, it must establish a right to control the property at issue. This right to control was also central to and was adjudicated in Judge Wiseman's case, in Judge Parker's case and in Judge Hensley's case. All three Judges have already found that Huber Heights Club has no right to possess or control the property at 4214 Powell Road, Huber Heights, Ohio. The determination of Huber Heights Club's right to control falls squarely within the issue preclusion concept of res judicata. Issue preclusion "serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *O'Nesti*, 2007-Ohio-1102 at ¶ 7. Furthermore, "[i]ssue preclusion applies even if the causes of action differ." *Id*. Therefore, Huber Heights Club's complaint is barred by res judicata.

{¶ 15} HHVC appeals from the trial court's judgment, raising three assignments of error. We will address them in a manner that facilitates our analysis.

## II. Res Judicata

{¶ 16} HHVC's first and second assignments of error state:

1. The trial court erred in taking notice of and considering as evidence matters concerned in other cases not before the Court.

2. The Court erred in its finding of res judicata from prior litigation as a bar to the present action and in granting summary judgment to Defendants.

{¶ 17} HHVC raised nearly identical arguments in its appeal in *Huber Heights*

*Veterans Club, Inc. v. Grande Voiture D'Ohio La Societe Des 40 Hommes et 8 Chevaux, et al.*, 2d Dist. Montgomery No. 29078, 2021-Ohio-2695. There, we rejected HHVC's claim that the trial court improperly considered the documents that were attached to the motions for summary judgment and authenticated by counsel's affidavit. Because this case involves the same procedural posture, including several of the same documents as exhibits, we similarly reject HHVC's argument here. HHVC's first assignment of error is overruled.

{¶ 18} We further find no error in the trial court's application of the doctrine of res judicata. The doctrine of res judicata consists of two parts: (1) claim preclusion (estoppel by judgment) and (2) issue preclusion (collateral estoppel). *Hicks v. State Farm Mut. Auto. Ins. Co.*, 2017-Ohio-7095, 95 N.E.3d 852, ¶ 18 (2d Dist.). Claim preclusion prevents later actions by the same parties based on a claim arising out of a transaction that was the subject of a previous lawsuit. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6; *Brown v. Dayton*, 89 Ohio St.3d 245, 247, 730 N.E.2d 958 (2000). "To determine whether claim preclusion applies, a court should consider four factors: (1) whether there is a prior valid judgment on the merits; (2) whether the latter action involves the same parties, or their privies, as the prior action; (3) whether the latter action raises claims that were or could have been litigated in the prior action; and (4) whether both actions arose out of the same transaction or occurrence." *Newman v. Univ. of Dayton,* 2d Dist. Montgomery No. 28815, 2021-Ohio-1609, ¶ 23.

{¶ 19} In contrast, issue preclusion stops re-litigation of any fact or point that was determined by the court in a previous suit between the same parties. *O'Nesti* at ¶ 7; *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395,

692 N.E.2d 140 (1998). "Issue preclusion applies even if the causes of action differ." *Id.*

{¶ 20} In this case, the trial court focused on HHVC's relationship to the real and personal property located at 4214 Powell Road and concluded that issue preclusion applied to prevent relitigation of that issue. Upon review of the judgment entries provided, it is clear that prior courts have determined that HHVC has no lawful interest in the real and personal property at issue.

{¶ 21} At the outset, we emphasize that HHVC does not lawfully exist as a successor to Voiture Locale. Indeed, it is not the same group of people as Voiture Locale, the legitimate county-level organization of The Forty and Eight. HHVC appears to consist of former members of Voiture Locale, including Simpson, whose leadership authority in Voiture Locale was terminated by the trial court in Case No. 2018-CV-1457.

{¶ 22} HHVC's counsel, Simpson, has repeatedly argued – including again during oral argument in this case – that Voiture Locale is "both an organization that is part of the national organization and a corporation that is a separate entity, separate and distinct from the national organization." *See, e.g., Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28854, 2021-Ohio-1430, at ¶ 10. As we have previously stated, "Simpson's position is that it is the organization that is subject to the trial court's injunction, not the corporation, and that he acted for the corporation, of which he remains and officer and member." *Id.* Simpson again asserts that the corporation owns the Powell Road property and everything in it. The trial court expressly rejected the "independent status" argument in Case No. 2018-CV-1457, a fact that we previously recognized. *See id.* at ¶ 11.

{¶ 23} The trial court in Case No. 2018-CV-1457 specifically held that "[a]ll officers of the Montgomery County Voiture No. 34 who are not members in good standing, including Charles Simpson, or who have not been elected pursuant to the County Voiture Constitution as in effect prior to the unapproved amended constitution are hereby barred from further action as officers of the organization." HHVC attempted to change the name of Voiture Locale to HHVC and to retitle the Powell Road property in HHVC's name, but those efforts subsequently were voided by the common pleas court as violative of the injunction. With court approval, Grande Voiture restored title to the Powell Road property to Voiture Locale's name and has been authorized to restore Voiture Locale's name with the Ohio Secretary of State.

{¶ 24} In short, the trial court in Case No. 2018-CV-1457 determined that the property located at 4214 Powell Road belongs to Voiture Locale, the legitimate county-level affiliate of The Forty and Eight, and that Simpson and the other former board members under the unauthorized amended constitution have no authority with respect to that property. It is thus now well established that HHVC, the alleged unaffiliated non-profit corporation of which Simpson is a part, has no legal rights to the property at Powell Road, and Simpson has no authority to pursue claims on behalf of Voiture Locale. Under the issue preclusion aspect of res judicata, HHVC cannot relitigate these issues here.

{¶ 25} Upon review of the judgment entries submitted in support of the motion for summary judgment, HHVC has no viable claims in this action. Accordingly, the trial court did not err in granting summary judgment to Grande Voiture and Voiture Nationale based on res judicata. HHVC's second assignment of error is overruled.

### III. Access to Courts

**{¶ 1}** In its third assignment of error, HHVC claims that the trial court's decision denied HHVC "its constitutional right of access to the courts and due process of law." It argues that the trial court denied it due process by not requiring Grande Voiture and Voiture Nationale to file answers raising res judicata as an affirmative defense. HHVC further asserts that the trial court did not require proof of the defense of res judicata.

**{¶ 2}** The right to access to Ohio's court system is provided in Article I, Section 16 of the Ohio Constitution. That section provides, in part, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Although the provision "does not speak to 'due process' at all," the Ohio Supreme Court has treated it as equivalent to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Stolz v. J & B Steel Erectors, Inc.*, 155 Ohio St.3d 567, 2018-Ohio-5088, 122 N.E.3d 1228, ¶ 12.

**{¶ 3}** We find no constitutional deprivation in this case. HHVC filed a complaint in the common pleas court, and Grande Voiture and Voiture Nationale responded by way of a motion for summary judgment. The summary judgment motion was supported by an affidavit and exhibits, to which HHVC had an opportunity to respond. While the trial court's procedure was expedient, HHVC was provided notice of the res judicata claim and had an opportunity to respond to it. The trial court's grant of summary judgment, based on evidentiary materials provided in support of the motion, did not deny HHVC access to the courts.

**{¶ 4}** HHVC's third assignment of error is overruled.

**IV. Conclusion**

{¶ 5} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and HALL, J., concur.

Copies sent to:

Charles J. Simpson
Kevin A. Bowman
Edward J. Dowd
Christopher T. Herman
Hon. Michael W. Krumholtz