[Cite as *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Simpson*, 2022-Ohio-1422.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GRANDE VOITURE D'OHIO LA SOCIETE DES 40 HOMMES ET 8 CHEVAUX | : | |
| | : | |
| | : | Appellate Case No. 29330 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2021-CV-2084 |
| | : | |
| v. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| CHARLES J. SIMPSON, et al. | : | |
| | : | |
| Defendant-Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2022.

. . . . . . . . . . .

ROBERT H. HOLLENCAMP, Atty. Reg. No. 0084370, 130 West Second Street, Suite 1500, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

CHARLES J. SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Charles J. Simpson appeals from a judgment of foreclosure awarded to Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux ("Grande Voiture").   For the reasons set forth below, we affirm.

## I.      Facts and Procedural Background

{¶ 2} This appeal represents the latest iteration in a protracted series of lawsuits and appeals involving Simpson, Huber Heights Veterans Club, Inc. ("HHVC"), and various factions of a charitable organization known as the Forty and Eight.   We have previously summarized the background of these cases as follows:

> The Forty and Eight has a hierarchical structure consisting of a national organization and associated state and local organizations. Voiture Nationale is the national organization, and Grande Voiture is the Ohio state-level organization.   Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux ("Voiture Locale") is the county-level organization in Montgomery County.   HHVC purports to be a successor organization to Voiture Locale that is no longer associated with The Forty and Eight.
>
> At some point, Voiture Locale began engaging in conduct that was contrary to the constitution, bylaws, and other governing documents of the national and state-level organizations.   Among other things, Voiture Locale

adopted an amended constitution, elected a new board of governors under that amended constitution, created an auxiliary membership, and failed to pay national dues.

In 2017, Grande Voiture initiated internal disciplinary proceedings against Charles Simpson, one of the local organization's officers under the new constitution, and permanently expelled him from membership for life. Following that determination, Voiture Locale resolved to prohibit Grande Voiture officials from entering Voiture Locale's premises, located at 4214 Powell Road in Huber Heights. Another member of Voiture Locale, however, filed a criminal trespass complaint against Simpson with the Huber Heights police.

In 2018, Grande Voiture brought an action against Voiture Locale seeking declaratory and injunctive relief, and an accounting. Montgomery C.P. No. 2018-CV-1457. Voiture Locale filed a counterclaim against Grande Voiture and a third-party complaint against Voiture Nationale, alleging that Grande Voiture and Voiture Nationale engaged in actions to wrongfully take possession and control of its property, as well as extortion, coercion, libel, slander and defamation.

On April 28, 2019, the trial court in Case No. 2018-CV-1457 granted summary judgment to Grande Voiture and Voiture Nationale. The court noted: "The evidence in the record is undisputed that Montgomery Voiture Locale No. 34 has violated numerous provisions of the state and national

constitutions and is now being run by nonmembers of the 40 and 8, such as Defendant Simpson, who was expelled permanently from membership." The trial court held that Voiture Locale was bound by the constitutions of the organization at the national, state, and local levels, as well as the other rules promulgated by the national and state-level organizations.

The court voided all actions taken by Voiture Locale that were in violation of those constitutions, invalidated Voiture Locale's amended constitution, and dissolved the purported board of directors appointed under that constitution. The court further granted an injunction, which, among other things, barred Simpson from participating in or interfering with the affairs of Voiture Locale. * * * We affirmed the trial court's judgment. *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821 [("*Grande Voiture I*")].

Despite the trial court's rulings, Simpson (a licensed attorney) has continued to act ostensibly on behalf of Voiture Locale, either as a purported officer or as an attorney retained by the now-dissolved board of directors. These actions have included filing a forcible entry and detainer action in municipal court * * *, a bankruptcy petition for Voiture Locale in bankruptcy court * * *, and additional litigation in common pleas court * * *. Several of the lawsuits challenged conduct by Grande Voiture officials with respect to the local organization's property. In addition, based on Simpson's belief

that Voiture Locale was a non-profit corporation under Ohio law that was separate and apart from The Forty and Eight, Simpson filed paperwork to change the name of Voiture Locale to the Huber Heights Veterans Club (HHVC) and to have the Powell Road property retitled in that name. * * *

To date, Simpson has been unsuccessful at every turn. The municipal court, bankruptcy court, and common pleas court actions were resolved based on res judicata and/or due to Simpson's lack of authority to act on behalf of Voiture Locale. * * * The trial court in Case No. 2018-CR-1457 held Simpson in contempt for continuing to act as an officer of Locale Voiture and as counsel for the organization. * * * The court declared the new deed in HHVC's name to be invalid and ordered Simpson to restore title to Voiture Locale. We have affirmed the trial court's orders in Case No. 2018-CR-1457 related to contempt and sanctions and to correct record title. *Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28854, 2021-Ohio-1430 [("*Grande Voiture II*")]. We have also affirmed that court's order authorizing Grande Voiture to restore the prior name (Voiture Locale) with the Ohio Secretary of State. *Grande Voiture D'Ohio La Societe Des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 29064, 2021-Ohio-2429 [("*Grande Voiture IV*")].

*Huber Hts. Veterans Club, Inc. v. Grande Voiture d'Ohio La Societe des 40 Hommes et*

*8 Chevaux*, 2d Dist. Montgomery No. 29095, 2021-Ohio-2784, ¶ 3-10 ("*Grande Voiture VI*").

{¶ 3} The case currently before us originates with the injunction issued against Simpson by the trial court in Montgomery C.P. No. 2018-CV-1457. As noted, we affirmed the injunction in *Grande Voiture I*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821. Thereafter, the trial court issued a finding of contempt against Simpson for repeated violations of that injunction, including, but not limited to, filing documents with the Ohio Secretary of State renaming the local level of the organization, Voiture Locale, to HHVC. The court imposed sanctions against Simpson in the sum of $39,767.22 for attorney fees, costs and expenses incurred by Grande Voiture. As stated above, we affirmed both the finding of contempt and the sanctions. *Grande Voiture II*, 2d Dist. Montgomery Nos. 28854, 28929, 2021-Ohio-1430.

{¶ 4} On August 13, 2020, Grande Voiture filed a R.C. 2329.02 certificate of judgment lien with the Montgomery County Clerk of Courts with regard to the judgment awarding sanctions. On March 24, 2021, it filed the instant foreclosure action against Simpson in order to collect upon its judgment. The subject real estate, located at 153 High Street in Dayton, is solely owned by Simpson.

{¶ 5} On June 21, 2021, Simpson filed an answer on his own behalf in which he admitted the existence of the judgment for contempt and sanctions. He further admitted that he was the owner of the real property described in the foreclosure complaint. However, Simpson alleged HHVC was a necessary party to the foreclosure because it is "the real party in interest in the judgment set forth in the complaint herein." Simpson also

alleged that HHVC was obligated to indemnify him for any judgment rendered against him because the actions resulting in the finding of contempt were authorized by and taken on behalf of HHVC.

{¶ 6} On the same date, Simpson filed documents entitled "Motion and Application by Huber Heights Veterans Club Inc. for Intervention of Right" and "Answer and Counterclaim of Huber Heights Veterans Club Inc." Simpson signed both documents as attorney for HHVC. Grande Voiture filed a motion in opposition to the motion to intervene. It also filed a motion for summary judgment on its foreclosure action. Simpson filed a motion for summary judgment on his own behalf.

{¶ 7} On November 15, 2021, the trial court denied the motion to intervene, finding that HHVC had no interest in the foreclosure. The trial court then granted summary judgment in favor of Grande Voiture regarding the foreclosure. In doing so, the court noted that Simpson had not presented any defense to the foreclosure action. The trial court denied Simpson's motion for summary judgment.

{¶ 8} On November 16, 2021, Simpson filed a motion to vacate the judgment. On November 17, 2021, the trial court filed a judgment entry and decree of foreclosure. On November 18, Simpson filed a motion for an order canceling the order of sale and extending the redemption period. He also filed a "Motion for Order Amending Decree to Correct the Statutory Interest Rate." On November 24, Simpson filed a document entitled "Notice of Payment by Defendant and Motion for Order of Discharge and Release." In the notice, Simpson claimed that he had paid the sum of $41,464 to the Clerk of Court for Montgomery County. On November 30, 2021, Grande Voiture filed a

memorandum in opposition, asserting that the amount then due and owing on the judgment, with appropriate accrued interest, had yet to be determined. However, on December 8, 2021, Grande Voiture filed a motion for disbursement in which it asserted that the total paid by Simpson to the Clerk of Courts was "slightly less than the current balance of the Certificate of Judgment." Nonetheless, Grande Voiture stated it was willing to accept the "amount deposited, customary institutional costs and/or deductions expected." Before the pending motions were ruled upon, Simpson filed a notice of appeal on his own behalf as well as HHVC's behalf from the orders granting summary judgment and denying intervention.[1]

## II.     Intervention by HHVC

{¶ 9} The first assignment of error asserted by Simpson states:

THE COURT ERRED IN DENYING THE APPLICATION OF HUBER

HEIGHTS VETERANS CLUB, INC. FOR INTERVENTION AS A MATTER

OF RIGHT.

{¶ 10} Simpson asserts that the trial court erred by denying HHVC's motion to intervene because the corporation was "the real party in interest in the judgment set forth in the complaint." In support, he claims the judgment of contempt against him was due to actions authorized and requested by HHVC. Thus, he contends HHVC has a duty to

---

[1] There is a motion pending before this court in which Grande Voiture seeks to dismiss this appeal as moot given that Simpson paid the judgment amount to the Montgomery County Clerk of Courts. However, because the pleadings regarding that payment were not ruled upon, and because Simpson claims he was coerced into making the payment, we will proceed to the merits of this case.

indemnify him regarding the contempt sanctions, which necessarily includes this action in foreclosure.

{¶ 11} Civ.R. 24(A), which governs interventions of right, states:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 12} Civ.R. 24 is to be liberally construed so as to permit intervention. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. A trial court's decision on a motion to intervene is reviewed under the abuse of discretion standard. *Id.*

{¶ 13} As noted, the trial court concluded that HHVC was not a necessary party to the foreclosure action. We agree. The only parties necessary to an action in foreclosure are those who have any title, right, or interest in the subject real estate. *Keybank Natl. Assn. v. Liberty Holding Group, L.L.C.*, 8th Dist. Cuyahoga No. 93888, 2011-Ohio-923, ¶ 17. Simpson does not claim, and the record does not show, that HHVC had an interest in the property at issue. Thus, the trial court did not abuse its discretion in denying the motion to intervene.

{¶ 14} Furthermore, the pleadings filed in opposition to the motions for contempt

and sanctions show that Simpson, at that time, actually argued that he could not be liable for sanctions because all of his actions were performed as the attorney for and at the direction of HHVC. Thus, it is readily apparent that his claim for indemnification existed at the time the sanctions were litigated and that the claim arose out of the same acts for which the sanctions were sought. Therefore, Simpson could— and should— have raised his claim for indemnification at the time the sanctions were being litigated. This foreclosure action is merely a procedure for collecting that judgment, and it is not an opportunity to collaterally attack the sanctions judgment.

{¶ 15} Further, we cannot ascertain how the inability to intervene in the foreclosure action will "impair or impede" HHVC's "ability to protect" any interest it may have in indemnifying Simpson. To the extent HHVC has agreed to or is legally required to indemnify Simpson, it remains able to do so despite the denial of its motion to intervene.

{¶ 16} Lastly, but most significantly, we note that Simpson has continuously asserted that HHVC is the successor organization to Voiture Locale. However, this court has previously stated "that HHVC does not lawfully exist as the successor to Voiture Locale." *Grande Voiture VI*, 2d Dist. Montgomery App. No. 29095, 2021-Ohio-2784, ¶ 21. Further, we have stated that "[t]he Huber Heights Veterans Club is a legal nullity. It was created solely as a result of Simpson's actions in violation of the injunction." *Grande Voiture IV*, 2d Dist. Montgomery No. 29064, 2021-Ohio-2429. Simply put, there is no evidence to support a finding that HHVC exists outside of the improper filing of the name change. Intervention by a non-existent entity is an impossibility.

{¶ 17} The first assignment of error is overruled.

### III. Summary Judgment

{¶ 18} The second and third assignments of error state as follows:

THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

THE COURT ERRED IN DISREGARDING DEFENDANTS [SIC] MOTION FOR SUMMARY JUDGMENT AND FAILING TO RULE UPON DEFENDANTS [SIC] MOTIONS FOR SUBSTITUTION OF PARTIES AND RELEASE FROM THE JUDGMENT SUED UPON.

{¶ 19} In his combined argument in support of the second and third assignments of error, Simpson asserts that the trial court erred by rendering summary judgment in favor of Grande Voiture and by denying his motion for summary judgment. In support, Simpson claims (1) the trial court did not consider his claim for indemnification, (2) Grande Voiture failed to file this foreclosure action as a compulsory counterclaim in a prior action, and (3) the trial court did not consider his request for release from judgment and to substitute HHVC as the defendant in this case.

{¶ 20} Our disposition in the first assignment of error resolves all of Simpson's claims regarding intervention for purposes of indemnification.

{¶ 21} The argument regarding the compulsory counterclaim is quite convoluted. However, it relates to Montgomery C.P. No. 2020-CV-2183, in which HHVC filed an action for forcible entry and detainer against Grand Voiture and Voiture Nationale regarding property located at 4214 Powell Road in Huber Heights. *See Grande Voiture VI*, 2d Dist.

Montgomery No. 29078, 2021-Ohio-2695. Simpson claims Grande Voiture was required to bring the instant foreclosure as a compulsory counterclaim in the prior action. We disagree.

{¶ 22} In *Rettig Ents., Inc. v. Koehler*, 68 Ohio St.3d 274, 626 N.E.2d 99 (1994), the Ohio Supreme Court stated that Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit, regardless of which party initiates the lawsuit. *Id.* at 278. Whether the claim arises out of the original transaction involves the "logical relation" test or a showing that the claim "is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Id.* at paragraph two of the syllabus.

{¶ 23} Arguably, one could claim that all of the numerous trial court cases and appeals in this ongoing litigation arose out of the same common occurrence. However, we discern no logical relation between the forcible entry and detainer case and this case. In *Grande Voiture VI*, HHVC claimed Grande Voiture had improperly taken possession of real estate owned by HHVC. Here, Grande Voiture seeks to foreclose on property solely owned by Simpson in order satisfy its judgment against Simpson. This case involves proof of facts completely separate from the forcible entry and detainer action. The two cases involve different properties owned by different entities, and the separate lawsuits arose from different occurrences. Further, we discern no duplication of effort and time by the parties and the court. Thus, we find this argument without merit.

{¶ 24} We next note that Simpson argues he should be released from the judgment

imposing sanctions and that HHVC should be substituted as the defendant in this action. In support, he claims there was no showing of contempt upon which to base an award of sanctions. He also once again argues that all his actions were taken at the behest of HHVC. This argument lacks merit. The judgment awarding sanctions against Simpson has been tried and affirmed on appeal. It is final and cannot be challenged in this action. As stated above, HHVC has no interest in this foreclosure action, and thus, regardless of whether Simpson believes it must indemnify him, there is no basis for substituting HHVC as the defendant.

{¶ 25} Finally, we address the propriety of the trial court's judgment. To be entitled to summary judgment, the moving party must demonstrate (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, 166 N.E.3d 725, ¶ 22 (2d Dist.), citing *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 617, 687 N.E.2d 735 (1998). "We review a trial court's ruling on a summary-judgment motion de novo." *Id.,* citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

{¶ 26} With this standard in mind, we must determine whether Grande Voiture presented evidence sufficient to sustain the trial court's summary judgment decision. As noted, after obtaining a judgment for sanctions, Grande Voiture caused an R.C. 2329.02 certificate of judgment lien to be filed. R.C. 2329.02 provides, in pertinent part, as follows:

Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date or rendition of the judgment, and the volume and page of the journal entry thereof.

**{¶ 27}** "It is well established in Ohio that 'a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts.'" *Denune v. Carter-Jones Lumber Co.*, 144 Ohio App.3d 266, 268-69, 759 N.E.2d 1289 (2d Dist.2001), quoting *Std. Hardware & Supply Co. v. Bolen*, 115 Ohio App.3d 579, 582, 685 N.E.2d 1264 (4th Dist.1996). Such a lien may be enforced in several ways, including by an R.C. 2323.07 action in foreclosure. *Id.* at 269.

**{¶ 28}** There are no disputed facts in this foreclosure action; thus, the question is strictly a matter of law. On June 29, 2020, Grande Voiture obtained a judgment against Simpson in the amount of $39,767.22. That judgment was upheld on appeal. On August 13, 2020, the certificate of judgment was filed in the office of the Clerk of the Montgomery County Court of Common Pleas in accordance with R.C. 2329.02. On May 14, 2021, Grande Voiture commenced this action to foreclose the lien created by the filing

of the certificate of judgment on specifically described real estate owned by Simpson. It also joined all parties necessary to foreclose the lien. Grande Voiture obtained a preliminary judicial report for the identified property, which indicated that Simpson was the sole owner of that property. Grande Voiture filed a motion for summary judgment which established the foregoing facts. Simpson did not dispute these facts. Further, he did not dispute the validity of the certificate of judgment, and he did not claim Grande Voiture had failed to properly plead or prove its right to foreclosure.

**{¶ 29}** Based upon our review of the record, we conclude that the trial court properly rendered summary judgment in favor of Grande Voiture. We further conclude that Simpson failed to present evidence sufficient to support his motion for summary judgment.[2] Thus, the trial court did not err in denying that motion.

**{¶ 30}** The second and third assignments of error are is overruled.

### IV.  Conclusion

**{¶ 31}** All of the assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

---

[2] Simpson's arguments in his motion for summary judgment are the same arguments addressed in this opinion and, thus, need not be restated.

Robert H. Hollencamp
Charles J. Simpson
Hon. Dale Crawford, Visiting Judge